IN THE UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:25-CV-000230

| | |
|---|---|
| DOUGLAS S. RIORDAN,<br><br>Plaintiff,<br><br>v.<br><br>VPC BUILDERS, LLC; TIMOTHY A. CHURCH D/B/A TIMOTHY CHURCH MASONRY; PRICE FRAMING AND CONSTRUCTION, LLC; WATAUGA VALLEY SERVICES, LLC; A FLOORING OUTLET, INC. AND ARETE ENGINEERS, PLLC,<br><br>Defendants. | **ANSWER OF DEFENDANT A FLOORING OUTLET, INC. TO AMENDED COMPLAINT**<br><br>**Jury Trial Demanded** |

NOW COMES the Defendant, A Flooring Outlet, Inc., by and through undersigned counsel and hereby responds to the allegations of the Plaintiff's Amended Complaint as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. The allegations contained in Paragraph 1 of Plaintiff’s Amended Complaint are admitted, upon information and belief.

2. The allegations contained in Paragraph 2 of Plaintiff’s Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

3. The allegations contained in Paragraph 3 of Plaintiff’s Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

4. The allegations contained in Paragraph 4 of Plaintiff’s Amended Complaint are

denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

5. The allegations contained in Paragraph 5 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

6. The allegations contained in Paragraph 6 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

7. The allegations contained in Paragraph 7 of Plaintiff's Amended Complaint are admitted.

8. The allegations contained in Paragraph 8 of Plaintiff's Amended Complaint seek to state legal conclusions to which no response is required. To the extent allegations of fact are made which are applicable to this answering Defendant, the allegations are denied.

9. The allegations contained in Paragraph 9 of Plaintiff's Amended Complaint seek to state legal conclusions to which no response is required. To the extent allegations of fact are made which are applicable to this answering Defendant, the allegations are denied.

10. The allegations contained in Paragraph 10 of Plaintiff's Amended Complaint seek to state legal conclusions to which no response is required. To the extent allegations of fact are made which are applicable to this answering Defendant, the allegations are denied.

11. The allegations contained in Paragraph 11 of Plaintiff's Amended Complaint seek to state legal conclusions to which no response is required. To the extent allegations of fact are made which are applicable to this answering Defendant, the allegations are denied.

12. The allegations contained in Paragraph 12 of Plaintiff's Amended Complaint seek

to state legal conclusions to which no response is required. To the extent allegations of fact are made which are applicable to this answering Defendant, the allegations are denied.

13. The allegations contained in Paragraph 13 of Plaintiff's Amended Complaint seek to state legal conclusions to which no response is required. To the extent allegations of fact are made which are applicable to this answering Defendant, the allegations are denied.

**INTRODUCTION**

14. The allegations contained in Paragraph 14 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

15. The allegations contained in Paragraph 15 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

16. The allegations contained in Paragraph 156of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

17. With regard to the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint, it is admitted that Defendant AFO was hired to perform wood flowing installation. Except as admitted, denied.

18. The allegations contained in Paragraph 18 of Plaintiff's Amended Complaint are denied.

19. The allegations contained in Paragraph 19 of Plaintiff's Amended Complaint are denied.

**FACTUAL BACKGROUND**

### ***The Contracts***

20. The allegations contained in Paragraph 20 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

21. The allegations contained in Paragraph 21 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

22. The allegations contained in Paragraph 22 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

23. The allegations contained in Paragraph 23 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

24. The allegations contained in Paragraph 24 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

25. The allegations contained in Paragraph 25 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

26. The allegations contained in Paragraph 26 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

27. The allegations contained in Paragraph 27 of Plaintiff's Amended Complaint are

denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

28. The allegations contained in Paragraph 28 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

29. The allegations contained in Paragraph 29 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

30. The allegations contained in Paragraph 30 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

31. The allegations contained in Paragraph 31 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

***VPC's Poor Project Execution, Delays, Defects, and Overbilling***

32. The allegations contained in Paragraph 32 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

33. The allegations contained in Paragraph 33 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

34. The allegations contained in Paragraph 34 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity

of the same.

35. The allegations contained in Paragraph 35 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

36. The allegations contained in Paragraph 36 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

37. The allegations contained in Paragraph 37 including subparts (a) through (f) of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

38. The allegations contained in Paragraph 38 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

39. The allegations contained in Paragraph 39 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

40. The allegations contained in Paragraph 40 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

41. The allegations contained in Paragraph 41 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

42. The allegations contained in Paragraph 42 of Plaintiff's Amended Complaint are

denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

43. The allegations contained in Paragraph 43 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

44. The allegations contained in Paragraph 44 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

45. T The allegations contained in Paragraph 45 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

46. The allegations contained in Paragraph 46 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

***VPC Treats Completion Dates as a Moving Target***

47. The allegations contained in Paragraph 47 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

48. The allegations contained in Paragraph 48 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

49. The allegations contained in Paragraph 49 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity

of the same.

50. The allegations contained in Paragraph 50 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

51. The allegations contained in Paragraph 51 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

52. The allegations contained in Paragraph 52 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

53. The allegations contained in Paragraph 53 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

***VPC's Mounting Costs, Unreasonable Delays,***

***And No End in Sight to Overbilling***

54. The allegations contained in Paragraph 54 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

55. The allegations contained in Paragraph 55 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

56. The allegations contained in Paragraph 56 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity

of the same.

57. The allegations contained in Paragraph 57 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

58. The allegations contained in Paragraph 58 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

***VPC Stops Work, Breaches Contract, and Termination***

59. The allegations contained in Paragraph 59 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

60. The allegations contained in Paragraph 60 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

61. The allegations contained in Paragraph 61 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

62. The allegations contained in Paragraph 62 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

63. The allegations contained in Paragraph 63 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

***The Work Deviates from the Contract Requirements, is Defective,***

***Violates the Building Code, and Contains Design Defects***

64. The allegations contained in Paragraph 64 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

65. The allegations contained in Paragraph 65 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

66. The allegations contained in Paragraph 66 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

67. The allegations contained in Paragraph 67 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

68. The allegations contained in Paragraph 68 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

69. The allegations contained in Paragraph 69 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

70. The allegations contained in Paragraph 70 of Plaintiff's Amended Complaint are admitted, upon information and belief.

71. With regard to the allegations contained in Paragraph 71 of Plaintiff's Amended

Complaint, it is admitted that AFO was hired as a subcontractor by VPC to install the wood floors and associated materials. Except as admitted, denied.

72. The allegations contained in Paragraph 72 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

73. The allegations contained in Paragraph 73 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

74. The allegations contained in Paragraph 74 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

75. The allegations contained in Paragraph 75 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

76. The allegations contained in Paragraph 76 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

77. The allegations contained in Paragraph 77 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

78. The allegations contained in Paragraph 78 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

79. The allegations contained in Paragraph 79 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

80. The allegations contained in Paragraph 80 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

81. The allegations contained in Paragraph 81 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

82. With regard to the allegations contained in Paragraph 82 of Plaintiff's Amended Complaint, it is admitted that WVS was hired to pour the basement concrete slab on grade that would serve as the substrate for the floor covering. It is admitted there were variations in the elevation. The remaining allegations are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

83. With regard to the allegations contained in Paragraph 83 of Plaintiff's Amended Complaint, AFO told VPC Superintendent that the concrete floors should be re-poured and/or to bring the concrete crew back to the site to address high spots, and in response VPC directed AFO to sand down any high areas of the concrete, which AFO did, and VPC superintendent accepted the work and instructed AFO to install the wood flooring and AFO did so. Except as admitted, denied.

84. The allegations contained in Paragraph 84 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

85. The allegations contained in Paragraph 85 of Plaintiff's Amended Complaint are denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

86. The allegations contained in Paragraph 86 of Plaintiff's Amended Complaint are denied.

**COUNT I – BREACH OF CONTRACT**

**(The Design Agreement – Against VPC)**

87. This answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 86 of Plaintiff's Amended Complaint, as if fully set forth herein.

88-96. The allegations contained in Paragraphs 88 through 96, including all subparts of Plaintiff's Amended Complaint do not appear to assert allegations against this answering Defendant and therefore no response is required. To the extent necessary, denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

**COUNT II – BREACH OF IMPLIED DUTY THAT PLANS AND SPECIFICATIONS ARE ADEQUATE, ACCURATE AND COMPLETE**

**(The Design Agreement – Against VPC)**

97. This answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 96 of Plaintiff's Amended Complaint, as if fully set forth herein.

98-101. The allegations contained in Paragraphs 97 through 101, including all subparts, of Plaintiff's Amended Complaint do not appear to assert allegations against this answering Defendant and therefore no response is required. To the extent necessary, denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

**COUNT III – BREACH OF CONTRACT**

**(The Construction Agreement – Against VPC)**

102. This answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 101 of Plaintiff's Amended Complaint, as if fully set forth herein.

103-111. The allegations contained in Paragraphs 103 through 111, including all subparts of Plaintiff's Amended Complaint do not appear to assert allegations against this answering Defendant and therefore no response is required. To the extent necessary, denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

**COUNT IV – BREACH OF THE IMPLIED DUTY**

**OF WORKMANLIKE PERFORMANCE**

**(The Construction Agreement – Against VPC)**

112. This answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 111 of Plaintiff's Amended Complaint, as if fully set forth herein.

113-119. The allegations contained in Paragraphs 113 through 119 of Plaintiff's Amended Complaint do not appear to assert allegations against this answering Defendant and therefore no response is required. To the extent necessary, denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

**COUNT V – DECLARATORY JUDGMENT**

**(Against VPC)**

120. This answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 119 of Plaintiff's Amended Complaint, as if fully set forth herein.

121-124. The allegations contained in Paragraphs 121 through 124, including all subparts of Plaintiff's Amended Complaint do not appear to assert allegations against this answering Defendant and therefore no response is required. To the extent necessary, denied for lack of

knowledge and information sufficient to form a belief as to the truth or falsity of the same.

**COUNT VI – NEGLIGENCE**

**(Against Church)**

125. This answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 124 of Plaintiff's Amended Complaint, as if fully set forth herein.

126-132. The allegations contained in Paragraphs 126 through 132, including all subparts of Plaintiff's Amended Complaint do not appear to assert allegations against this answering Defendant and therefore no response is required. To the extent necessary, denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

**COUNT VII – BREACH OF THE IMPLIED DUTY OF WORKMANLIKE PERFORMANCE**

**(Against Church)**

133. This answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 132 of Plaintiff's Amended Complaint, as if fully set forth herein.

134-138. The allegations contained in Paragraphs 134 through 138 of Plaintiff's Amended Complaint do not appear to assert allegations against this answering Defendant and therefore no response is required. To the extent necessary, denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

**COUNT VIII – NEGLIGENCE**

**(Against Price)**

139. This answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 138 of Plaintiff's Amended Complaint, as if fully set forth herein.

140-147. The allegations contained in Paragraphs 140 through 147, including all subparts

of Plaintiff's Amended Complaint do not appear to assert allegations against this answering Defendant and therefore no response is required. To the extent necessary, denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

**COUNT IX – BREACH OF THE IMPLIED DUTY OF WORKMANLIKE PERFORMANCE**

**(Against Price)**

148. This answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 147 of Plaintiff's Amended Complaint, as if fully set forth herein.

149-153. The allegations contained in Paragraphs 149 through 153 of Plaintiff's Amended Complaint do not appear to assert allegations against this answering Defendant and therefore no response is required. To the extent necessary, denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

**COUNT X – NEGLIGENCE**

**(Against Watauga Valley Services)**

154. This answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 153 of Plaintiff's Amended Complaint, as if fully set forth herein.

155-162. The allegations contained in Paragraphs 155 through 162, including all subparts of Plaintiff's Amended Complaint do not appear to assert allegations against this answering Defendant and therefore no response is required. To the extent necessary, denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

**COUNT XI – BREACH OF THE IMPLIED DUTY OF WORKMANLIKE PERFORMANCE**

**(Against Watauga Valley Services)**

163. This answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 162 of Plaintiff's Amended Complaint, as if fully set forth herein.

164-168. The allegations contained in Paragraphs 164 through 168 of Plaintiff's Amended Complaint do not appear to assert allegations against this answering Defendant and therefore no response is required. To the extent necessary, denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

**COUNT XII – NEGLIGENCE**

**(Against A Flooring Outlet)**

169. This answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 168 of Plaintiff's Amended Complaint, as if fully set forth herein.

170. The allegations contained in Paragraph 170 of Plaintiff's Amended Complaint are admitted.

171. The allegations contained in Paragraph 171 of Plaintiff's Amended Complaint are admitted.

172. The allegations contained in Paragraph 172 of Plaintiff's Amended Complaint state legal conclusions to which no response is required. To the extent allegations of fact are made which are applicable to this answering Defendant, the allegations are denied.

173. With regard to the allegations contained in Paragraph 173 of Plaintiff's Amended Complaint, it is admitted that AFO knew that it was supplying and installing wood flooring in the Plaintiff's residence. Except as admitted, denied.

174. The allegations contained in Paragraph 174 of Plaintiff's Amended Complaint are denied.

175. The allegations contained in Paragraph 175 including subparts (a) through (h) of

Plaintiff's Amended Complaint are denied. Except it is admitted that AFO told VPC that the concrete needed to be corrected and AFO was instructed to grind the high spots down and told to move forward with installation.

176. The allegations contained in Paragraph 176 of Plaintiff's Amended Complaint are denied.

177. The allegations contained in Paragraph 177 of Plaintiff's Amended Complaint are denied.

178. The allegations contained in Paragraph 178 of Plaintiff's Amended Complaint are denied.

**COUNT XIII – BREACH OF THE IMPLIED DUTY OF WORKMANLIKE PERFORMANCE**

**(Against A Flooring Outlet, Inc.)**

179. This answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 178 of Plaintiff's Amended Complaint, as if fully set forth herein.

180. The allegations contained in Paragraph 180 of Plaintiff's Amended Complaint are denied.

181. The allegations contained in Paragraph 181 of Plaintiff's Amended Complaint are denied.

182. The allegations contained in Paragraph 182 of Plaintiff's Amended Complaint are denied.

183. The allegations contained in Paragraph 183 of Plaintiff's Amended Complaint are denied.

184. The allegations contained in Paragraph 184 of Plaintiff's Amended Complaint are

denied.

**<u>COUNT XIV – NEGLIGENCE</u>**

**<u>(Against Areté Engineers)</u>**

185. This answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 184 of Plaintiff's Amended Complaint, as if fully set forth herein.

186-193. The allegations contained in Paragraphs 186 through 193, including all subparts of Plaintiff's Amended Complaint do not appear to assert allegations against this answering Defendant and therefore no response is required. To the extent necessary, denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

**<u>COUNT XV – BREACH OF THE IMPLIED DUTY THAT THE PLANS ARE ADEQUATE, ACCURATE AND COMPLETE)</u>**

**<u>(Against Areté Engineers)</u>**

194. This answering Defendant hereby incorporates by reference its responses to Paragraphs 1 through 193 of Plaintiff's Amended Complaint, as if fully set forth herein.

195-199. The allegations contained in Paragraphs 195 through 199, including all subparts of Plaintiff's Amended Complaint do not appear to assert allegations against this answering Defendant and therefore no response is required. To the extent necessary, denied for lack of knowledge and information sufficient to form a belief as to the truth or falsity of the same.

**FIRST AFFIRMATIVE DEFENSE**
**(Economic Loss Rule)**

The Plaintiff's action against this answering Defendant is barred by the Economic Loss Rule, or alternatively, the damages available to the Plaintiff, if any, shall be limited by the Economic Loss Rule.

**SECOND AFFIRMATIVE DEFENSE**

**(Intervening and Superseding)**

If it be determined that this answering Defendant was in any way negligent or otherwise liable to the Plaintiff, and that the negligence or other liability on the part of this answering Defendant was a proximate cause of Plaintiff's injuries and damages, if any, all of which has been and is once again denied, then it is alleged that the negligence of third parties over whom this answering Defendant had no duty or ability to supervise and control, was the true proximate cause of the Plaintiff's injuries and damages, if any; that such negligence is intervening and superseding negligence and is pled in complete bar of any purported right of the Plaintiff to recover anything of this answering Defendant by way of this action.

**THIRD AFFIRMATIVE DEFENSE**
**(Contributory Negligence)**

If it be determined that this answering Defendant was in any way negligent or otherwise liable to the Plaintiff, and that such negligence or other liability on the part of this answering Defendant was a proximate cause or the proximate cause of the Plaintiff's injuries and damages, if any, all of which has been and is once again denied, it is alleged that the Plaintiff was negligent, as hereinafter set forth; that such negligence on the part of the Plaintiff was a proximate cause of his injuries or damages, if any; that such negligence on the part of the Plaintiff is contributory and is pled in complete bar of any purported right of the Plaintiff to recover anything of the Defendant by way of this action.

**FOURTH AFFIRMATIVE DEFENSE**
**(Setoff/Credit)**

To the extent the Plaintiff has received payments from any source for any of the alleged injuries or damages which are the subject matter of this action, then it is alleged and prayed that this answering Defendant, as to any judgment rendered against this answering Defendant in this action,

be given a set off or credit for such amounts paid to or for the benefit of the Plaintiff by any insurance carrier that has or may pay the Plaintiff for injuries sustained in the subject accident.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant's work complied with all industry standards.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant's work was inspected, accepted, approved and paid in full and therefore the claims are barred by the Completed and Accepted Work Doctrine.

WHEREFORE, this answering Defendant respectfully prays that the Court order as follows:

1. That the Amended Complaint of the Plaintiff be dismissed;

2. That, in the alternative, the Plaintiff have and recover nothing of this answering Defendant by way of this action;

3. That all issues of fact be tried by a jury;

4. That the cost of this action, including this answering Defendant's reasonable attorneys' fees, be taxed against the Plaintiff; and;

5. That this answering Defendant have and recover any other and further relief that the Court may deem just and proper.

This the 24th day of August, 2026.

/s/JOHN E. SPAINHOUR
Bar No: 28089
Attorney for A Flooring Outlet, Inc.
McAngus Goudelock & Courie, PLLC
**Mailing Address:** Post Office Box 30307
Charlotte, NC 28230
(828) 575-1900
jspainhour@mgclaw.com