**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**Case No. 1:25-cv-00230**

| | |
|---|---|
| DOUGLAS S. RIORDAN,<br><br>Plaintiff,<br><br>v.<br><br>VPC BUILDERS, LLC; TIMOTHY A. CHURCH d/b/a TIMOTHY CHURCH MASONRY; PRICE FRAMING AND CONSTRUCTION, LLC; WATAUGA VALLEY SERVICES, LLC; A FLOORING OUTLET, INC.; AND ARETÈ ENGINEERS, PLLC,<br><br>Defendants,<br><br>v.<br><br>VPC BUILDERS, LLC,<br><br>Crossclaim, Counterclaim and Third-Party Plaintiff,<br><br>v.<br><br>ERIN RIORDAN,<br><br>Third-Party Defendant. | **VPC BUILDERS, LLC'S ANSWER TO AMENDED COMPLAINT, COUNTERCLAIM, THIRD PARTY COMPLAINT, AND CROSSCLAIM** |

## ANSWER

The Defendant, VPC Builders, LLC, ("VPC") by and through undersigned counsel, hereby responds to the specific allegations of the Plaintiff's Amended Complaint as follows:

1. VPC denies that the Plaintiff is domiciled in Florida, that his primary residence is there, and that his alleged Florida citizenship qualifies for diversity jurisdiction. The remaining allegations contained in paragraph 1 are admitted.

2. The allegations contained in paragraph 2 are admitted.

3. Based on information and belief, the allegations contained in paragraph 3 are admitted.

4. Based on information and belief, the allegations contained in paragraph 4 are admitted.

5. Based on information and belief, the allegations contained in paragraph 5 are admitted.

6. Based on information and belief, the allegations contained in paragraph 6 are admitted.

7. Based on information and belief, the allegations contained in paragraph 7 are admitted.

8. The allegations contained in paragraph 8 are a statement of the law and do not require a response. To the extent that a response is required, the allegations contained in paragraph 8 are denied.

9. The allegations contained in paragraph 9 are a statement of the law and do not require a response. To the extent that a response is required, the allegations contained in paragraph 9 are denied.

10. The allegations contained in paragraph 10 are a statement of the law and do not require a response. To the extent that a response is required, it is admitted that the Defendants conduct business within North Carolina.

11. The allegations contained in paragraph 11 are a statement of the law and do not require a response. To the extent that a response is required, the allegations contained in paragraph 11 are denied.

12. The allegations contained in paragraph 12 are admitted.

13. The allegations contained in paragraph 13 are a statement of the law and do not require a response. To the extent that a response is required, the allegations contained in paragraph 13 are denied.

14. It is admitted that this matter arises from a contract for VPC to design and build a house for the Plaintiff and Erin Riordan. The remaining allegations contained in paragraph 14 are denied.

15. The allegations contained in paragraph 15 are denied.

16. It is admitted that since the original filing of the Complaint, Plaintiff's experts have completed additional investigation and analysis of the Project. The remaining allegations contained in paragraph 16 are denied.

17. It is admitted that VPC retained Areté to provide structural engineering services and retained Church, Price, WVS, and AFO to provide services on the Project as subcontractors. The remaining allegations contained in paragraph 17 are denied.

18. The allegations contained in paragraph 18 are denied.

19. The allegations contained in paragraph 19 are denied.

20. The allegations contained in paragraph 20 are admitted.

21. It is admitted that the Plaintiff and Erin Riordan hired VPC as a design-builder. The Defendant has no information as to the truth or veracity of the remaining allegations contained in paragraph 21, therefore the same are denied.

22. It is admitted that the Plaintiff and Erin Riordan entered into the contract attached as Exhibit A, and Exhibit A is the best evidence of its contents. The remaining allegations contained in paragraph 22 are denied.

23. It is admitted that Exhibit A was attached to the Amended Complaint and is the best evidence of its contents. The remaining allegations contained in paragraph 23 are denied.

24. The allegations contained in paragraph 24 are denied.

25. The allegations contained in paragraph 25 are denied.

26. The allegations contained in paragraph 26 are denied.

27. The allegations contained in paragraph 27 are denied.

28. It is admitted that Exhibit A was attached to the Amended Complaint and is the best evidence of its contents. The remaining allegations contained in paragraph 28 are denied.

29. The allegations contained in paragraph 29 are denied.

30. It is admitted that Exhibit A was attached to the Amended Complaint and is the best evidence of its contents. The remaining allegations contained in paragraph 30 are denied.

31. The allegations contained in paragraph 31 are denied.

32. The allegations contained in paragraph 32 are denied.

33. The allegations contained in paragraph 33 are denied.

34. The allegations contained in paragraph 34 are denied.

35. The allegations contained in paragraph 35 are denied.

36. The allegations contained in paragraph 36 are denied.

37. The allegations contained in paragraph 37, and all subparts, are denied.

38. It is admitted that Exhibit B is attached to the Amended Complaint and is the best evidence of its contents. The remaining allegations contained in 38 are denied.

39. It is admitted that Exhibit B is attached to the Amended Complaint and is the best evidence of its contents. The remaining allegations contained in 39 are denied.

40. It is admitted that Exhibit B is attached to the Amended Complaint and is the best evidence of its contents. The remaining allegations contained in 40 are denied.

41. The allegations contained in paragraph 41 are denied.

42. The Defendant has no information as to the truth or veracity of allegations contained in paragraph 42, therefore the same are denied.

43. The allegations contained in paragraph 43 are denied.

44. The allegations contained in paragraph 44 are denied.

45. It is admitted that Exhibit C is attached to the Amended Complaint and is the best evidence of its contents. The remaining allegations contained in paragraph 45 are denied.

46. The allegations contained in paragraph 46 are denied.

47. The Defendant does not recall the allegations contained in paragraph 47, therefore the same are denied.

48. The Defendant admits that the anticipated completion dates were changed because of the Plaintiff's numerous change orders and weather, including Hurricane Helene. The remaining allegations contained in paragraph 48 are denied.

49. The Defendant admits that more delays were incurred on the Project because of the Plaintiff's change orders and that the Plaintiff and Defendant discussed the issues. The remaining allegations contained in paragraph 49 are denied.

50. The allegations contained in paragraph 50 are denied.

51. The allegations contained in paragraph 51 are denied.

52. The allegations contained in paragraph 52 are denied.

53. The allegations contained in paragraph 53 are denied.

54. The allegations contained in paragraph 54 are denied.

55. The allegations contained in paragraph 55 are denied.

56. The allegations contained in paragraph 56 are denied.

57. The allegations contained in paragraph 57 are denied.

58. The allegations contained in paragraph 58 are denied.

59. The allegations contained in paragraph 59 are denied.

60. The allegations contained in paragraph 60 are denied.

61. It is admitted that Exhibit E is attached to the Amended Complaint and is the best evidence of its contents. The remaining allegations contained in paragraph 61 are denied.

62. The allegations contained in paragraph 62 are denied.

63. The allegations contained in paragraph 63 are denied.

64. The allegations contained in paragraph 64 are denied.

65. It is admitted that VPC used subcontractors. The remaining allegations contained in paragraph 65 are denied.

66. It is admitted that VPC was the general contractor and maintained coordinating responsibilities. The remaining allegations contained in paragraph 66 are denied.

67. The allegations contained in paragraph 67 are admitted.

68. The allegations contained in paragraph 68 are admitted.

69. The allegations contained in paragraph 69 are admitted.

70. The allegations contained in paragraph 70 are admitted.

71. The allegations contained in paragraph 71 are admitted.

72. The allegations contained in paragraph 72 are denied.

73. The allegations contained in paragraph 73 are denied.

74. The allegations contained in paragraph 74 are denied.

75. The allegations contained in paragraph 75 are denied.

76. The allegations contained in paragraph 76 are denied.

77. The allegations contained in paragraph 77 are denied.

78. The allegations contained in paragraph 78 are denied.

79. The allegations contained in paragraph 79 are denied.

80. The allegations contained in paragraph 80 are denied.

81. The allegations contained in paragraph 81 are denied.

82. It is admitted that WVS was hired to pour the concrete slab. The remaining allegations contained in paragraph 82 are denied.

83. The allegations contained in paragraph 83 are denied.

84. The allegations contained in paragraph 84 are denied.

85. The allegations contained in paragraph 85 are denied.

86. The allegations contained in paragraph 86 are a statement of the law and do not require a response. To the extent that a response is required, the allegations contained in paragraph 86 are denied.

87. The Defendant realleges and incorporates by reference the responses to the previous paragraphs.

88. The allegations contained in paragraph 88 are admitted.

89. The allegations contained in paragraph 89 are denied.

90. The allegations contained in paragraph 90 are a statement of the law and do not require a response. To the extent that a response is required, the allegations contained in paragraph 90 are denied.

91. The allegations contained in paragraph 91 are a statement of the law and do not require a response. To the extent that a response is required, the allegations contained in paragraph 91 are denied.

92. It is admitted that the Plaintiff paid all invoices related to the design phase

of the contract. The remaining allegations contained in paragraph 92 are denied.

93. The allegations contained in paragraph 93, and all subparts, are denied.

94. The allegations contained in 94 are denied.

95. The allegations contained in 95 are denied.

96. The allegations contained in 96 are denied.

97. The Defendant realleges and incorporates by reference the responses to the previous paragraphs.

98. The allegations contained in paragraph 98 are a statement of the law and do not require a response. To the extent that a response is required, the allegations contained in paragraph 98 are denied.

99. The allegations contained in paragraph 99, and all subparts, are denied.

100. The allegations contained in paragraph 100 are denied.

101. The allegations contained in paragraph 101 are denied.

102. The Defendant realleges and incorporates by reference the responses to the previous paragraphs.

103. The allegations contained in paragraph 103 are admitted.

104. The allegations contained in paragraph 104 are denied.

105. It is admitted that Exhibit A was attached to the Amended Complaint and is the best evidence of its contents. The remaining allegations contained in paragraph 105 are denied.

106. It is admitted that Exhibit A was attached to the Amended Complaint and is the best evidence of its contents. The remaining allegations contained in paragraph 106 are denied.

107. The allegations contained in paragraph 107 are a statement of the law and do not require a response. To the extent that a response is required, the allegations contained in paragraph 107 are denied.

108. The allegations contained in paragraph 108, and all subparts, are denied.

109. The allegations contained in paragraph 109 are denied.

110. The allegations contained in paragraph 110 are denied.

111. The allegations contained in paragraph 11 are denied.

112. The Defendant realleges and incorporates by reference the responses to the previous paragraphs.

113. The allegations contained in paragraph 113 are a statement of the law and do not require a response. To the extent that a response is required, the allegations contained in paragraph 113 are denied.

114. The allegations contained in paragraph 114 are a statement of the law and do not require a response. To the extent that a response is required, the allegations contained in paragraph 114 are denied.

115. The allegations contained in paragraph 115 are denied.

116. The allegations contained in paragraph 116 are denied.

117. The allegations contained in paragraph 117 are denied.

118. It is admitted VPC stopped work on the Project as a result of the Plaintiff's prior breach of contract and failure to pay invoices. The remaining allegations contained in paragraph 118 are denied.

119. The allegations contained in paragraph 119 are denied.

120. The Defendant realleges and incorporates by reference the responses to the previous paragraphs.

121. The allegations contained in paragraph 121 are a statement of the law and do not require a response. To the extent that a response is required, the allegations contained in paragraph 121 are denied.

122. The allegations contained in paragraph 122 are a conclusion and do not require a response. To the extent that a response is required, the allegations contained in paragraph 122 are denied.

123. The allegations contained in paragraph 123 are a statement of the law and do not require a response. To the extent that a response is required, the allegations contained in paragraph 123 are denied.

124. The allegations contained in paragraph 124, and all subparts, are a statement and do not require a response. To the extent that a response is required, the allegations contained in paragraph 124 and all subparts, are denied.

125. The Defendant realleges and incorporates by reference the responses to the previous paragraphs.

126. The allegations contained in paragraph 126 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 126 are denied.

127. The allegations contained in paragraph 127 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 127 are denied.

128. The allegations contained in paragraph 128 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 128 are denied.

129. The allegations contained in paragraph 129, and all subparts, are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 129, and all subparts, are denied.

130. The allegations contained in paragraph 130 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 130 are denied.

131. The allegations contained in paragraph 131 are not directed at this

answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 131 are denied.

132. The allegations contained in paragraph 132 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 132 are denied.

133. The Defendant realleges and incorporates by reference the responses to the previous paragraphs.

134. The allegations contained in paragraph 134 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 134 are denied.

135. The allegations contained in paragraph 135 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 135 are denied.

136. The allegations contained in paragraph 136 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 136 are denied.

137. The allegations contained in paragraph 137 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 137 are denied.

138. The allegations contained in paragraph 138 are not directed at this

answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 138 are denied.

139. The Defendant realleges and incorporates by reference the responses to the previous paragraphs.

140. The allegations contained in paragraph 140 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 140 are denied.

141. The allegations contained in paragraph 141 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 141 are denied.

142. The allegations contained in paragraph 142 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 142 are denied.

143. The allegations contained in paragraph 143 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 143 are denied.

144. The allegations contained in paragraph 144, and all subparts, are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 144, and all subparts are denied.

145. The allegations contained in paragraph 145 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 145 are denied.

146. The allegations contained in paragraph 146 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 146 are denied.

147. The allegations contained in paragraph 147 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 147 are denied.

148. The Defendant realleges and incorporates by reference the responses to the previous paragraphs.

149. The allegations contained in paragraph 149 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 149 are denied.

150. The allegations contained in paragraph 150 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 150 are denied.

151. The allegations contained in paragraph 151 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 151 are denied.

152. The allegations contained in paragraph 152 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 152 are denied.

153. The allegations contained in paragraph 153 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 153 are denied.

154. The Defendant realleges and incorporates by reference the responses to the previous paragraphs.

155. The allegations contained in paragraph 155 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 155 are denied.

156. The allegations contained in paragraph 156 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 156 are denied.

157. The allegations contained in paragraph 157 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 157 are denied.

158. The allegations contained in paragraph 158 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 158 are denied.

159. The allegations contained in paragraph 159, and all subparts, are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 159, and all subparts, are denied.

160. The allegations contained in paragraph 160 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 160 are denied.

161. The allegations contained in paragraph 161 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 161 are denied.

162. The allegations contained in paragraph 162 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 162 are denied.

163. The Defendant realleges and incorporates by reference the responses to the previous paragraphs.

164. The allegations contained in paragraph 164 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 164 are denied.

165. The allegations contained in paragraph 165 are not directed at this

answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 165 are denied.

166. The allegations contained in paragraph 166 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 166 are denied.

167. The allegations contained in paragraph 167 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 167 are denied.

168. The allegations contained in paragraph 168 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 168 are denied.

169. The Defendant realleges and incorporates by reference the responses to the previous paragraphs.

170. The allegations contained in paragraph 170 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 170 are denied.

171. The allegations contained in paragraph 171 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 171 are denied.

172. The allegations contained in paragraph 172 are not directed at this

answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 172 are denied.

173. The allegations contained in paragraph 173 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 173 are denied.

174. The allegations contained in paragraph 174 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 174 are denied.

175. The allegations contained in paragraph 175, and all subparts, are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 175, and all subparts are denied.

176. The allegations contained in paragraph 176 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 176 are denied.

177. The allegations contained in paragraph 177 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 177 are denied.

178. The allegations contained in paragraph 178 are not directed at this

answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 178 are denied.

179. The Defendant realleges and incorporates by reference the responses to the previous paragraphs.

180. The allegations contained in paragraph 180 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 180 are denied.

181. The allegations contained in paragraph 181 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 181 are denied.

182. The allegations contained in paragraph 182 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 182 are denied.

183. The allegations contained in paragraph 183 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 183 are denied.

184. The allegations contained in paragraph 184 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 184 are denied.

185. The Defendant realleges and incorporates by reference the responses

to the previous paragraphs.

186. The allegations contained in paragraph 186 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 186 are denied.

187. The allegations contained in paragraph 187 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 187 are denied.

188. The allegations contained in paragraph 188 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 188 are denied.

189. The allegations contained in paragraph 189 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 189 are denied.

190. The allegations contained in paragraph 190, and all subparts, are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 190, and all subparts, are denied.

191. The allegations contained in paragraph 191 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 191 are denied.

192. The allegations contained in paragraph 192 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 192 are denied.

193. The allegations contained in paragraph 193 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 193 are denied.

194. The Defendant realleges and incorporates by reference the responses to the previous paragraphs.

195. The allegations contained in paragraph 195 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 195 are denied.

196. The allegations contained in paragraph 196 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 196 are denied.

197. The allegations contained in paragraph 197, and all subparts, are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 197, and all subparts, are denied.

198. The allegations contained in paragraph 198 are not directed at this

answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 198 are denied.

199. The allegations contained in paragraph 199 are not directed at this answering Defendant, therefore a response is not required. To the extent that a response is required, the allegations contained in paragraph 199 are denied.

**FIRST AFFIRMATIVE DEFENSE**

The Plaintiff's Amended Complaint fails to state a claim upon which relief should be granted and, therefore, should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**SECOND AFFIRMATIVE DEFENSE**

The Plaintiff's claims may be barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

The Plaintiff's claims against Plaintiff are barred to the extent that Plaintiff failed to mitigate his damages.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant pleads waiver, estoppel, and/or laches as a complete or partial bar to the claims asserted against Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by waiver.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant asserts the doctrine of unclean hands as a complete or partial bar to the claims asserted against Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent evidence has been destroyed or compromised or lost, Defendant pleads the doctrine of spoliation of evidence as a complete or partial bar to the claims asserted against Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

The Defendant hereby asserts the Plaintiff's prior breach of Complaint based on its failure to pay invoices as a complete bar to recovery in this matter.

**NINTH AFFIRMATIVE DEFENSE**

The Defendant hereby pleads the acceptance of its work and payment of completed work as a complete bar to recovery in this matter.

**TENTH AFFIRMATIVE DEFENSE**

Any matters not specifically admitted are hereby denied.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Defendant incorporates by reference any relevant affirmative defenses raised by additional Defendants in this matter.

**TWELFTH AFFIRMATIVE DEFENSE**

The Defendant reserves the right to amend this list of affirmative defenses based on discovery in this matter.

## COUNTERCLAIM & THIRD-PARTY COMPLAINT

NOW COMES the Defendant and Counterclaim Plaintiff, VPC Builders, LLC, by and through their undersigned counsel who complains of the Plaintiff and Counterclaim Defendant, Douglas Riordan, and Third-Party Defendant, Erin Riordan (collectively "Counterclaim Defendants"), as follows:

### PARTIES

1. Counterclaim Plaintiff, VPC Builders, LLC, is a North Carolina Limited Liability Company whose principal office is located in Avery County, North Carolina.

2. Counterclaim Defendants, Douglas Riordan and Erin Riordan, are upon information and belief citizens and residents of the state of North Carolina whose address is 3916 Shulls Mill Road, Blowing Rock, NC 28605.

### FACTUAL ALLEGATIONS

3. Plaintiff is a North Carolina Limited Liability Company primarily engaged in the construction industry, including residential and commercial construction.

4. Plaintiff is a North Carolina licensed general contractor with an unlimited limitation and whose qualifier is Matthew Tyler Vincent.

5. Defendants are the owners of a piece of real property located at 3916 Shulls Mill Road, Blowing Rock, NC 28605 which is approximately 4.69 acres +/- and as set forth in the Defendants deed recorded on May 26, 2021 in Record Deed Book

2193, Page 476, Watauga County, North Carolina Public Registry (hereinafter referred to as "Counterclaim Defendants' Real Property").

6. Sometime prior to June 7, 2021, Counterclaim Defendants approached Plaintiff and it's managing member, Matthew Vincent, about designing and then constructing a home on the Counterclaim Defendants' Real Property.

7. The design contract called for Counterclaim Plaintiff to design a residential home and Counterclaim Defendants to pay for said work.

8. The design contract was completed by Counterclaim Plaintiff and Counterclaim Defendants paid Plaintiff for said work.

9. Counterclaim Plaintiff agreed to construct a residential home for the Counterclaim Defendants on the Counterclaim Defendants' Real Property on a cost-plus basis.

10.On April 27, 2022, the Counterclaim Plaintiff and Counterclaim Defendants executed a written contract which is attached hereto as Exhibit A and incorporated by reference herein as if set out in full (hereinafter referred to as the "Written Contract").

11. On September 1, 2022, Counterclaim Plaintiff began constructing Counterclaim Defendants' residence on Counterclaim Defendants' Real Property by removing trees, grading and preparing the lot to be built upon.

12. Invoices and receipts for said work was sent to Counterclaim Defendants

and said amounts were paid.

13. The Written Contract called for the Counterclaim Plaintiff to construct a residential home on the Counterclaim Defendants' Real Property and the Counterclaim Defendants would pay to Counterclaim Plaintiff the costs of said construction plus Eighteen Percent (18%).

14. Pursuant to the Written Contract, Counterclaim Plaintiff constructed the residence on Counterclaim Defendants' Real Property pursuant to the plans and the additions requested by Counterclaim Defendants.

15. As part of the billing process, Counterclaim Plaintiff would present an invoice to Counterclaim Defendants which would include the costs of the items and services purchased to build the home for the previous billing period along with the contractor fee of 18% added in, and the receipts to back up the costs.

16. During the majority of the construction process, Counterclaim Plaintiff presented the invoices and the Counterclaim Defendants paid the invoices along with the contractor fee minus the retainage.

17. Construction on the residence continued until June 30, 2025, because of various changes requested by Counterclaim Defendants, weather and other items.

18. Counterclaim Plaintiff nearly completed the home when Counterclaim Defendants stopped paying.

19. Counterclaim Plaintiff informed Counterclaim Defendants that they needed

to pay their outstanding bills or Counterclaim Plaintiff would be unable to complete the project and would stop work.

20. Despite this Counterclaim Plaintiff continued working and got the home to the point of being ready for the certificate of occupancy and did obtain said certificate of occupancy.

21. Counterclaim Defendants became significantly deficient in their payments to Counterclaim Plaintiff.

22. Counterclaim Defendants have refused to pay the outstanding bill with Counterclaim Plaintiff.

23. Pursuant to the Written Contract, Counterclaim Plaintiff has ceased work until their full outstanding bill is satisfied.

24.Counterclaim Plaintiff's last day of work on Counterclaim Defendants' Real Property was June 30, 2025.

25. As of the filing of this lawsuit, Counterclaim Plaintiff has remained ready to complete all punch list, warranty items and other issues upon full payment of the outstanding bills.

26. Counterclaim Plaintiff presented bills to Counterclaim Defendants totaling $534,140.72.

27. Counterclaim Defendants have failed to pay these outstanding bills.

28. On September 23, 2025, Counterclaim Plaintiff filed a claim of lien against

the Counterclaim Defendants' Real Property. A copy of said lien is attached hereto as Exhibit B and incorporate by reference herein as if set out in full.

29. Other examples of breaches of the contract that Counterclaim Defendants did include but are not limited to verbally assaulting VPC Builder's employees, going to the jobsite daily, contacting subcontractors, occupying the home prior to time allowed for in the contract and other items to be proven at trial.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

30. Counterclaim Plaintiff realleges and incorporates by reference its allegations contained in Paragraphs 1 through 29 of their Counterclaim herein as if set out in full.

31. Counterclaim Plaintiff and Counterclaim Defendants entered into the Written Contract for the construction of a residential home on Counterclaim Defendants' Real Property by Counterclaim Plaintiff and the Counterclaim Defendants agreed to pay to Counterclaim Plaintiff the costs plus 18%.

32. Counterclaim Plaintiff faithfully performed their obligations under the contract.

33. Counterclaim Defendants have failed to pay all the amounts due under the contract to Counterclaim Plaintiff.

34. Counterclaim Defendants' failure to fully pay the contract amount is a

breach of contract.

35. As a direct and proximate result of the Counterclaim Defendants' breach of contract, the Counterclaim Plaintiff has been damaged in the amount of $534,140.72.

**SECOND CAUSE OF ACTION**
**ENFORCEMENT OF CLAIM OF LIEN**

36. Counterclaim Plaintiff realleges and incorporates by reference its allegations contained in Paragraphs 1 through 35 of their Counterclaim herein as if set out in full.

37. Pursuant to Chapter 44A of the North Carolina General Statutes the Counterclaim Plaintiff filed a Claim of Lien on Real Property on September 23, 2025, against the Counterclaim Defendants' Real Property in the office of the Watauga County Clerk of Superior Court. A copy of this Claim of Lien on Real Property is attached hereto as Exhibit B.

38. Counterclaim Plaintiff performed the work from September 1, 2022, until June 30, 2025.

39. Counterclaim Plaintiff is entitled to execute upon the Counterclaim Defendants' Real Property to satisfy their lien.

40. Counterclaim Plaintiff is entitled to recover their costs, including its attorney's fees, pursuant to N. C. Gen. Stat. Chapter 44A.

## THIRD CAUSE OF ACTION
## QUANTUM MERIUT / UNJUST ENRICHMENT
## PLED IN THE ALTERNATIVE

41. Counterclaim Plaintiff realleges and incorporates by reference its allegations contained in Paragraphs 1 through 40 of their Complaint herein as if set out in full.

42. Between April 1, 2022,and June 30, 2025, Counterclaim Plaintiff rendered a service to Counterclaim Defendants by providing labor and materials to the Counterclaim Defendants' Real Property.

43. The aforesaid labor and materials provided by Counterclaim Plaintiff has some value to Counterclaim Defendants as owner of the Counterclaim Defendants' Real Property.

44. At the time the Counterclaim Plaintiff agreed to provide the aforesaid labor and materials to the Counterclaim Defendants' Real Property, Counterclaim Plaintiff expected payment from Counterclaim Defendants and Counterclaim Defendants agreed to pay Counterclaim Plaintiff.

45. Counterclaim Plaintiff's expectation of payment was reasonable.

46. Counterclaim Defendants received labor and materials provided by Counterclaim Plaintiff with the knowledge or reason to know that Counterclaim Plaintiff expected to be paid, as Counterclaim Defendants had agreed to pay Counterclaim Plaintiff.

47. Counterclaim Defendants voluntarily accepted the labor and materials provided by Counterclaim Plaintiff; Counterclaim Defendants kept the benefits provided by Counterclaim Plaintiff to Counterclaim Defendants, and then Counterclaim Defendants refused to compensate Counterclaim Plaintiff adequately for the goods and services that Counterclaim Defendants received.

48. The reasonable value for the goods and services provided by Counterclaim Plaintiff to Counterclaim Defendants from September 1, 2025, until June 30, 2025, for the work at the Counterclaim Defendants' Real Property that remain unpaid is $534,140.72.

49. In the alternative, and in order to prevent Counterclaim Defendants' unjust enrichment at the expense of Counterclaim Plaintiff, Counterclaim Plaintiff is entitled to recover from Counterclaim Defendants the sum of $534,140.72.

**CROSSCLAIM**

After fully answering the Plaintiff's Complaint and asserting the following Counterclaim and Third-Party Complaint, VPC hereby asserts the following Crossclaim against Timothy A. Church d/b/a Timothy Church Masonry ("Church"), Price Framing and Construction, LLC ("Price"), Watauga Valley Services, LLC ("WVS"), A Flooring Outlet, Inc. ("AFO"), and Areté Engineers ("Areté"), PLLC, and alleges and says as follows:

## FACTS

1. Plaintiff filed an Amended Complaint against the Defendants regarding the property located at 3916 Shulls Mill Road in Blowing Rock, North Carolina (the "Project").

2. Areté Engineers was retained by VPC to provide structural engineering services on the Project.

3. Church was retained by VPC to provide stonework/masonry on the Project.

4. Price was retained by VPC to provide siding installation on the Project.

5. WVS was retained by VPC to pour the concrete slab on the Project.

6. AFO was retained by VPC to provide install wood flooring on the Project.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT
## (All Crossclaim Defendants)

7. VPC realleges and incorporates by reference the previous paragraphs as if fully set forth.

8. VPC and Crossclaim Defendants entered into valid contracts for Crossclaim Defendants to perform work and/or services, on the Property located at 3916 Shulls Mill Road in Blowing Rock, N.C., which is the subject of the Plaintiff's Amended Complaint.

9. If VPC is found to be liable to Plaintiff in any respect as alleged, which is specifically denied, then it is alleged that the Crossclaim Defendants breached their contract with VPC in failing to properly perform all work and/or services for which they were hired, and the breach of contract by the Crossclaim Defendants was the active, positive, and sole producing cause of any injury or damage sustained by Plaintiff. As such, VPC is entitled to recover from the Crossclaim Defendants any and all damages for which VPC is found liable to Plaintiff.

**SECOND CAUSE OF ACTION**
**NEGLIGENCE**
**(All Crossclaim Defendants, in the alternative)**

10. VPC realleges and incorporates by reference the previous paragraphs as if fully set forth.

11. If it is determined that VPC and the Crossclaim Defendants did not entered into valid contracts for Crossclaim Defendants to perform work and/or services on the Property located at 3916 Shulls Mill Road in Blowing Rock, N.C. which is the subject of Plaintiff's Amended Complaint, the Crossclaim Defendants had an obligation to perform the work in a workmanlike manner and consistent with their professional obligations.

12. If VPC is found to be liable to Plaintiff in any respect as alleged, which

is specifically denied, then it is alleged that the Crossclaim Defendants committed negligence in failing to properly perform all work and/or services for which they were hired, and the negligence by the Crossclaim Defendants was the active, positive, and sole producing cause of any injury or damages sustained by the Plaintiff. As such, VPC is entitled to recover from the Crossclaim Defendants any and all such damages for which the VPC is found liable to the Plaintiff.

**THIRD CAUSE OF ACTION**
**BREACH OF EXPRESS AND IMPLIED WARRANTIES**
**(All Crossclaim Defendants)**

13. VPC realleges and incorporates by reference the previous paragraphs as if fully set forth.

14.VPC and Crossclaim Defendants entered into valid contracts for Crossclaim Defendants to perform work and/or services, on the Property located at 3916 Shulls Mill Road in Blowing Rock, N.C., which is the subject of the Plaintiff's Amended Complaint.

15.Crossclaim Defendants expressly and impliedly warranted to VPC that all work and materials provided in Crossclaim Defendants' scope of work for the Property would be of good quality and completed in conformity with the manufacturer's instructions, code, plans and designs for the Property.

16. To the extent that VPC is held liable to the Plaintiff, which is specifically denied, then such defects and deficiencies were the direct and proximate results of Crossclaim Defendants breach of any and all applicable express and/or implied warranties, which have damaged VPC, as VPC has been subject to liability and incurred damaged by way of, and not limited to, attorney's fees and associated costs in defending this action.

**FOURTH CAUSE OF ACTION**
**INDEMNITY and CONTRIBUTION**
**(All Crossclaim Defendants)**

17. VPC realleges and incorporates by reference the previous paragraphs as if fully set forth.

18. If VPC is found to be liable to Plaintiff in any respect as alleged, which is specifically denied, then it is alleged that Crossclaim Defendants were negligent in failing to properly perform all work for which they were hired, and the negligence of Crossclaim Defendants was the active, positive and sole producing cause of any injury or damages sustained by the Plaintiff, and as such, VPC is entitled to indemnity from Crossclaim Defendants.

19. In the alternative, if VPC is found to be liable to the Plaintiff in any respect, which is specifically denied, then VPC alleges that the negligence of the Crossclaim Defendants was a direct and positive cause of any injury or damages sustained by the Plaintiff and if VPC is liable to the Plaintiff in any respect, then

VPC is entitled to contribution from Crossclaim Defendants in the manner and to the extent provided by Chapter 1B of the General Statutes of North Carolina.

**WHEREFORE**, VPC respectfully prays the Court as follows:

1. That the Court finds that the Defendant and Counterclaim Plaintiff VPC did not breach any contract with Plaintiff;

2. That the Court finds that the Plaintiff have and recover nothing from the Defendant and Counterclaim Plaintiff VPC;

3. That the Court finds that the Counterclaim Plaintiff and Counterclaim Defendants entered into a construction contract;

4. That the Court finds that the Counterclaim Defendants breached said construction contract;

5. That the Court orders the Counterclaim Defendants jointly and severally liable to Counterclaim Plaintiff in the amount of $534,140.72 plus contractual or legal interest on all past due amounts for the breach of the construction contract;

6. That the Court orders the Counterclaim Plaintiff's judgment to relate back to the first day of work and order the Counterclaim Defendants' Real Property sold to satisfy the judgment pursuant to chapter 44A of the North Carolina General Statutes;

7. That in the alternative, if the Court finds there is no construction contract

between the parties, that the Court finds that the Counterclaim Defendants have been unjustly enriched and as such order the Counterclaim Defendants jointly and severally liable to Counterclaim Plaintiff in the sum of $534,140.72 for said unjust enrichment;

8. That if VPC is found liable on any claims made by the Plaintiff, judgment be entered in favor of VPC against the Crossclaim Defendants, jointly and severally, for said damages.

9. For a Trial by Jury;

10. That the costs of this action, including the Counterclaim Plaintiff's reasonable attorney's fees, be taxed against the Counterclaim Defendants; and

11. For such other and further relief that this Court deems just and proper.

{Signatures on following page}

This the 27th day of August, 2026.


Young, Morphis, Bach & Taylor, LLP

/s/ *Paul E. Culpepper*
Paul E. Culpepper, Esq.
N.C. Bar No.: 19833
858 2nd Street NE, Suite 200
Post Office Drawer 2428
Hickory, NC 28603
Bus: (828) 322-4663
Fax: 828-324-2431
paulc@hickorylaw.com

MILLER & JOHNSON, PLLC

/s/ *Nathan A. Miller*
Nathan A. Miller, Esq.
N.C. State Bar No.: 35451
P.O. Box 49
Boone, NC 28607
Bus: 828-264-1125
Fax: 828-262-3544
N.C. State Bar # 35451
nathan@millerandjohnsonlaw.com
*Attorneys for VPC Builders, LLC*

**CERTIFICATE OF SERVICE**

The undersigned, being an Attorney duly licensed to practice law in the State of North Carolina, does hereby certify that a copy of the foregoing **VPC Builders, LLC's Answer, Counterclaim, and Crossclaim** was duly served on the 27th day of August, 2026, as follows:

____✓____ CM/ECF e-filing system:

ADDRESSEE:

Paul Capua, Esq.
Capua Law Firm
164 South Depot Street
Boone, NC 28607
paul@capualaw.com
*Attorney for Plaintiff*

Nathan A. Miller, Esq.
Miller & Johnson, PLLC
P.O. Box 49
Boone, NC 27607
nathan@millerandjohnsonlaw.com
*Attorney for VPC Builders, LLC*

John E. Spainhour, Esq.
McAngus, Goudeclock & Courie, PLLC
P.O. Box 30307
Charlotte, NC 28230
jspainhour@mgclaw.com
*Attorney for A Flooring Outlet, Inc.*

David M. Harmon, Esq.
York Harmon Johnson, LLP
115 N. Torrence Street
Charlotte, NC 28204
dharmon@yhjlaw.com
*Attorney for Price Framing & Construction, LLC*

Timothy A. Church, Esq.
501 Eggers Branch Rd
Trade, TN 37691-6118
*Defendant*

Areté Engineers, PLLC
c/o Terry S. Ausel, Registered Agent
P.O. Box 745
Blowing Rock, NC 28605
*Defendant*

Watauga Valley Services, LLC
c/o Jared Blake Taylor, Registered Agent
199 Byrd Street
Boone, NC 28607
*Defendant*

YOUNG MORPHIS BACH & TAYLOR, LLP

*/s/ Paul E. Culpepper*
Paul E. Culpepper, Esq.
N.C. Bar No.: 19833
858 2nd Street NE, Suite 200
Post Office Drawer 2428
Hickory, NC 28603
Phone: (828) 322-4663
paulc@hickorylaw.com
*Attorney for VPC Builders, LLC*