IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Asheville Division

DOUGLAS S. RIORDAN,

Plaintiff,

vs.

VPC BUILDERS, LLC; TIMOTHY A. CHURCH d/b/a TIMOTHY CHURCH MASONRY; PRICE FRAMING AND CONSTRUCTION, LLC; WATAUGA VALLEY SERVICES, LLC; A FLOORING OUTLET, INC.; and ARETE ENGINEERS, PLLC,

Defendants.

*and*

WATAUGA VALLEY SERVICES, LLC,

Third-Party Plaintiff,

vs.

DOUGLAS PHILLIPS d/b/a WATAUGA CONCRETE FINISHERS,

Third-Party Defendant,

Case No. 1:25-cv-00230

**ANSWER TO AMENDED COMPLAINT and THIRD-PARTY COMPLAINT**

NOW COMES the Defendant, Watauga Valley Services, LLC ("WVS"), by and through Counsel, responding to the correspondingly numbered allegations contained in the Plaintiff's Amended Complaint, and alleges and says as follows:

1. The allegations contained in paragraph 1 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

2. The allegations contained in paragraph 2 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

3. The allegations contained in paragraph 3 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.
4. The allegations contained in paragraph 4 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.
5. The allegations contained in paragraph 5 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.
6. The allegations contained in paragraph 6 are admitted.
7. The allegations contained in paragraph 7 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.
8. The allegations contained in Paragraph 8 seek to state legal conclusions to which no response is required. To the extent allegations of fact are made which are applicable to this answering Defendant, the allegations are denied.
9. The allegations contained in Paragraph 9 seek to state legal conclusions to which no response is required. To the extent allegations of fact are made which are applicable to this answering Defendant, the allegations are denied.
10. The allegations contained in Paragraph 10 seek to state legal conclusions to which no response is required. To the extent allegations of fact are made which are applicable to this answering Defendant, the allegations are denied as worded.
11. The allegations contained in Paragraph 11 seek to state legal conclusions to which no response is required. To the extent allegations of fact are made which are applicable to this answering Defendant, the allegations are denied.

12. The allegations contained in Paragraph 12 seek to state legal conclusions to which no response is required. To the extent allegations of fact are made which are applicable to this answering Defendant, the allegations are denied.

13. The allegations contained in Paragraph 13 seek to state legal conclusions to which no response is required. To the extent allegations of fact are made which are applicable to this answering Defendant, the allegations are denied.

14. The allegations contained in paragraph 14 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

15. The allegations contained in paragraph 15 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

16. The allegations contained in paragraph 16 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

17. With respect to the allegations contained in paragraph 17, it is admitted that Defendant WVS was hired to perform the concrete slab installation. Except as expressly admitted, the allegations contained in paragraph 17 are denied.

18. The allegations contained in paragraph 18 are denied as to this answering Defendant.

19. The allegations contained in paragraph 19 are denied.

20. The allegations contained in paragraph 20 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

21. The allegations contained in paragraph 21 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

22. The allegations contained in paragraph 22 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

23. With respect to the allegations contained in paragraph 23, it is admitted that the Design Agreement is in writing, speaks for itself and is the best evidence of its contents. To the extent the allegations of paragraph 23 conflict with the Design Agreement, the same are denied.

24. The allegations contained in paragraph 24 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

25. The allegations contained in paragraph 25 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

26. The allegations contained in paragraph 26 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

27. The allegations contained in paragraph 27 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

28. With respect to the allegations contained in paragraph 28, it is admitted that the Construction Agreement is in writing, speaks for itself and is the best evidence of its contents. To the extent the allegations of paragraph 28 conflict with the Construction Agreement, the same are denied.

29. The allegations contained in paragraph 29 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

30. With respect to the allegations contained in paragraph 30, it is admitted that the Construction Agreement is in writing, speaks for itself and is the best evidence of its contents. To the extent the allegations of paragraph 30 conflict with the Construction Agreement, the same are denied.

31. The allegations contained in paragraph 31 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.
32. The allegations contained in paragraph 32 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.
33. The allegations contained in paragraph 33 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.
34. The allegations contained in paragraph 34 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.
35. The allegations contained in paragraph 35 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.
36. The allegations contained in paragraph 36 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.
37. The allegations contained in paragraph 37 and the subparagraphs thereto are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.
38. The allegations contained in paragraph 38 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.
39. The allegations contained in paragraph 39 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.
40. The allegations contained in paragraph 40 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.
41. The allegations contained in paragraph 41 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

42. The allegations contained in paragraph 42 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

43. The allegations contained in paragraph 43 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

44. The allegations contained in paragraph 44 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

45. The allegations contained in paragraph 45 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

46. The allegations contained in paragraph 46 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

47. The allegations contained in paragraph 47 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

48. The allegations contained in paragraph 48 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

49. The allegations contained in paragraph 49 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

50. The allegations contained in paragraph 50 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

51. The allegations contained in paragraph 51 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

52. The allegations contained in paragraph 52 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

53. The allegations contained in paragraph 53 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

54. The allegations contained in paragraph 54 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

55. The allegations contained in paragraph 55 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

56. The allegations contained in paragraph 56 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

57. The allegations contained in paragraph 57 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

58. The allegations contained in paragraph 58 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

59. The allegations contained in paragraph 59 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

60. The allegations contained in paragraph 60 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

61. The allegations contained in paragraph 61 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

62. The allegations contained in paragraph 62 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

63. The allegations contained in paragraph 63 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

64. The allegations contained in paragraph 64 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

65. The allegations contained in paragraph 65 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

66. The allegations contained in paragraph 66 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

67. The allegations contained in paragraph 67 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

68. The allegations contained in paragraph 68 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

69. The allegations contained in paragraph 69 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

70. The allegations contained in paragraph 70 are admitted.

71. The allegations contained in paragraph 71 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

72. The allegations contained in paragraph 72 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

73. The allegations contained in paragraph 73 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

74. The allegations contained in paragraph 74 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

75. The allegations contained in paragraph 75 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

76. The allegations contained in paragraph 76 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

77. The allegations contained in paragraph 77 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

78. The allegations contained in paragraph 78 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

79. The allegations contained in paragraph 79 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

80. The allegations contained in paragraph 80 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

81. The allegations contained in paragraph 81 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

82. With respect to the allegations contained in paragraph 82, it is admitted that WVS was hired to pour the basement concrete slab-on-ground that would serve as the substrate for the floor covering. Except as expressly admitted, the allegations contained in paragraph 82 are denied.

83. The allegations contained in paragraph 83 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

84. The allegations contained in paragraph 84 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

85. The allegations contained in paragraph 85 are denied as to this answering Defendant.

86. The allegations contained in paragraph 86 are denied.

87. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-86 of Plaintiff's Amended Complaint.

88. The allegations contained in paragraph 88 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 88 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

89. The allegations contained in paragraph 89 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 89 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

90. The allegations contained in paragraph 90 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 90 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

91. The allegations contained in paragraph 91 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 91 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

92. The allegations contained in paragraph 92 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 92 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

93. The allegations contained in paragraph 93 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 93 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

94. The allegations contained in paragraph 94 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 94 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

95. The allegations contained in paragraph 95 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 95 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

96. The allegations contained in paragraph 96 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 96 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

97. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-96 of Plaintiff's Amended Complaint.

98. The allegations contained in paragraph 98 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 98 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

99. The allegations contained in paragraph 99 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 99 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

100. The allegations contained in paragraph 100 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 100 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

101. The allegations contained in paragraph 101 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 101 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

102. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-101 of Plaintiff's Amended Complaint.

103. The allegations contained in paragraph 103 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 103 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

104. The allegations contained in paragraph 104 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 104 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

105. The allegations contained in paragraph 105 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 105 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

106. The allegations contained in paragraph 106 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 106 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

107. The allegations contained in paragraph 107 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 107 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

108. The allegations contained in paragraph 108 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 108 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

109. The allegations contained in paragraph 109 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 109 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

110. The allegations contained in paragraph 110 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive

pleading is required, the allegations contained in paragraph 110 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

111. The allegations contained in paragraph 111 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 111 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

112. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-111 of Plaintiff's Amended Complaint.

113. The allegations contained in paragraph 113 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 113 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

114. The allegations contained in paragraph 114 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 114 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

115. The allegations contained in paragraph 115 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 115 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

116. The allegations contained in paragraph 116 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive

pleading is required, the allegations contained in paragraph 116 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

117. The allegations contained in paragraph 117 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 117 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

118. The allegations contained in paragraph 118 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 118 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

119. The allegations contained in paragraph 119 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 119 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

120. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-119 of Plaintiff's Amended Complaint.

121. The allegations contained in paragraph 121 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 121 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

122. The allegations contained in paragraph 122 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive

pleading is required, the allegations contained in paragraph 122 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

123. The allegations contained in paragraph 123 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 123 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

124. The allegations contained in paragraph 124 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 124 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

125. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-124 of Plaintiff's Amended Complaint.

126. The allegations contained in paragraph 126 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 126 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

127. The allegations contained in paragraph 127 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 127 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

128. The allegations contained in paragraph 128 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive

pleading is required, the allegations contained in paragraph 128 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

129. The allegations contained in paragraph 129 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 129 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

130. The allegations contained in paragraph 130 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 130 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

131. The allegations contained in paragraph 131 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 131 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

132. The allegations contained in paragraph 132 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 132 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

133. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-132 of Plaintiff's Amended Complaint.

134. The allegations contained in paragraph 134 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive

pleading is required, the allegations contained in paragraph 134 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

135. The allegations contained in paragraph 135 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 135 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

136. The allegations contained in paragraph 136 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 136 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

137. The allegations contained in paragraph 137 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 137 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

138. The allegations contained in paragraph 138 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 138 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

139. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-138 of Plaintiff's Amended Complaint.

140. The allegations contained in paragraph 140 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive

pleading is required, the allegations contained in paragraph 140 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

141. The allegations contained in paragraph 141 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 141 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

142. The allegations contained in paragraph 142 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 142 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

143. The allegations contained in paragraph 143 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 143 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

144. The allegations contained in paragraph 144 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 144 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

145. The allegations contained in paragraph 145 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 145 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

146. The allegations contained in paragraph 146 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 146 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

147. The allegations contained in paragraph 147 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 147 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

148. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-147 of Plaintiff's Amended Complaint.

149. The allegations contained in paragraph 149 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 149 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

150. The allegations contained in paragraph 150 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 150 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

151. The allegations contained in paragraph 151 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 151 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

152. The allegations contained in paragraph 152 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 152 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

153. The allegations contained in paragraph 153 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 153 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

154. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-153 of Plaintiff's Amended Complaint.

155. The allegations contained in paragraph 155 are denied as worded.

156. The allegations contained in paragraph 156 are admitted.

157. With respect to the allegations contained in paragraph 157, it is admitted that any duties owed by WVS to Plaintiff are outlined in the applicable statutes and case law. Except as otherwise admitted, the allegations contained in paragraph 157 are denied.

158. The allegations contained in paragraph 158 are denied.

159. The allegations contained in paragraph 159 and the subparagraphs thereto are denied.

160. The allegations contained in paragraph 160 are denied.

161. The allegations contained in paragraph 161 are denied.

162. The allegations contained in paragraph 162 are denied.

163. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-162 of Plaintiff's Amended Complaint.

164. With respect to the allegations contained in paragraph 164, it is admitted that any duties owed by WVS are outlined in the applicable statutes and case law. Except as otherwise admitted, the allegations contained in paragraph 164 are denied.

165. With respect to the allegations contained in paragraph 165, it is admitted that any implied warranties recognized by North Carolina are outlined in the applicable statutes and case law, which are in writing, speak for themselves and are the best evidence of their contents. Except as otherwise admitted, the allegations contained in paragraph 165 are denied.

166. The allegations contained in paragraph 166 are denied.

167. The allegations contained in paragraph 167 are denied.

168. The allegations contained in paragraph 168 are denied.

169. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-168 of Plaintiff's Amended Complaint.

170. The allegations contained in paragraph 170 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 170 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

171. The allegations contained in paragraph 171 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 171 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

172. The allegations contained in paragraph 172 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive

pleading is required, the allegations contained in paragraph 172 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

173. The allegations contained in paragraph 173 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 173 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

174. The allegations contained in paragraph 174 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 174 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

175. The allegations contained in paragraph 175 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 175 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

176. The allegations contained in paragraph 176 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 176 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

177. The allegations contained in paragraph 177 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 177 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

178. The allegations contained in paragraph 178 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 178 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

179. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-178 of Plaintiff's Amended Complaint.

180. The allegations contained in paragraph 180 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 180 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

181. The allegations contained in paragraph 181 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 181 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

182. The allegations contained in paragraph 182 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 182 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

183. The allegations contained in paragraph 183 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 183 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

184. The allegations contained in paragraph 184 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 184 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

185. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-184 of Plaintiff's Amended Complaint.

186. The allegations contained in paragraph 186 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 186 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

187. The allegations contained in paragraph 187 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 187 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

188. The allegations contained in paragraph 188 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 188 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

189. The allegations contained in paragraph 189 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 189 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

190. The allegations contained in paragraph 190 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 190 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

191. The allegations contained in paragraph 191 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 191 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

192. The allegations contained in paragraph 192 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 192 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

193. The allegations contained in paragraph 193 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 193 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

194. Defendant re-alleges and incorporates by reference its responses to paragraphs 1-193 of Plaintiff's Amended Complaint.

195. The allegations contained in paragraph 195 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 195 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

196. The allegations contained in paragraph 196 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 196 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

197. The allegations contained in paragraph 197 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 197 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

198. The allegations contained in paragraph 198 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 198 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

199. The allegations contained in paragraph 199 are not directed toward this answering Defendant, and therefore, no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in paragraph 199 are denied for lack of information or knowledge sufficient to form a belief as to the truth thereof.

200. All other allegations contained in Plaintiff's Amended Complaint are denied.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by one or more of the doctrines of waiver, estoppel, unclean hands, and/or laches. It is further alleged that Plaintiffs claims are barred because this Defendant was not given notice of or an opportunity to cure the alleged deficiencies complained of by Plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

The Defendant pleads the economic loss doctrine as a defense to this lawsuit.

**THIRD AFFIRMATIVE DEFENSE**

There was no contractual relationship Plaintiff and WVS, and therefore, Plaintiff's claims must be dismissed for lack of privity of contract.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that the Plaintiff failed to mitigate his damages, the Plaintiff's claims are barred in whole or in part.

**FIFTH AFFIRMATIVE DEFENSE**

The Defendant pleads the completed and accepted work doctrine as a defense to this case.

**SIXTH AFFIRMATIVE DEFENSE**

This answering Defendant pleads and relies upon all applicable statutes of limitations and statutes of repose as a bar to recovery.

**SEVENTH AFFIRMATIVE DEFENSE**

The Defendant pleads limitations of any and all applicable contractual remedies and warranties as a bar to recovery in this action.

**EIGHTH AFFIRMATIVE DEFENSE**

The Defendant pleads the doctrine of contributory negligence as a bar to recovery in this action.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for damages are barred or limited to the extent that those damages constitute betterment or added value to the Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

Should it be determined that this Defendant was negligent, then it is alleged that the intervening, insulating and superseding negligence of known or unknown third parties, including but not limited to the Co-Defendants and Third-Party Defendant, was the proximate cause of any damages which may have been sustained, and this doctrine is pled as a defense to any right of the Plaintiff to have and recover anything of this Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

This Defendant asserts the "Spearin Doctrine", recognized in North Carolina and the case of *Burke County Pub. Schs. Bd. Of Educ. v. Juno Const. Corp*. 50 N.C. App. 238 (1981), and the holding in *Gilbert Engineering v. City of Asheville*.

**TWELFTH AFFIRMATIVE DEFENSE**

This Defendant reserves the right to plead and prove any additional defenses as may become known during the course of investigation and/or discovery.

**THIRD PARTY COMPLAINT**

NOW COMES the Defendant/Third-Party Plaintiff, Watauga Valley Services, LLC ("WVS") by and through counsel, pursuant to Rule 14 of the Federal Rules of Civil Procedure, and hereby asserts the following Third-Party Complaint against the Third-Party Defendant Douglas Phillips d/b/a Watauga Concrete Finishers (hereinafter "Watauga Concrete Finishers").

1. Upon information and belief, Plaintiff, Douglas Riordan is an individual and resident of Florida.

2. The Defendant/Third-Party Plaintiff, WVS, is a Tennessee limited liability corporation with its principal place of business in Johnson City, Tennessee and at all times herein has been authorized to conduct business in North Carolina.

3. Upon information and belief, Douglas Phillips is an individual doing business as Watauga Concrete Finishers with an address of 2740 Idlewild Road, West Jefferson, North Carolina. Upon information and belief, at all times relevant to the Third-Party Complaint, Douglas Phillips d/b/a Watauga Concrete Finishers conducted business in North Carolina, pursuant to which he is subject to the jurisdiction of this Court.

4. On or about April 27, 2022, Plaintiff Riordan entered into a cost-plus construction contract with Defendant, VPC Builders, LLC ("VPC") to construct a single-family dwelling located at 3916 Shulls Mills Road, Boone, Watauga County, North Carolina ("Project").

5. On some date after April 27, 2022, Defendant VPC hired Defendant/Third-Party Plaintiff, WVS, to install the basement concrete slab-on-ground that served as the substrate for the floor covering on the Project.

6. Pursuant to an oral subcontract, WVS subcontracted the pump, finish and cutting of control joints of the slab at the project to Douglas Phillips d/b/a Watauga Concrete Finishers ("Watauga Concrete Finishers").

7. On July 28, 2026, the Plaintiff filed an Amended Complaint against the Defendant/Third-Party Plaintiff, among others, seeking damages for alleged defects in the construction of the Project.

8. The Defendant/Third-Party Plaintiff denies that any of its work on the Project is defective and/or deficient. However, to the extent that the Plaintiff establishes the existence of defects and/or deficiencies with the construction of the Project, the Third-Party Defendant would be liable to the Third-Party Plaintiff for all or part of any damages awarded.

## FIRST CLAIM FOR RELIEF
**Breach of Contract against Watauga Concrete Finishers**

9. The allegations contained in paragraphs 1-8 of the Third-Party Complaint are hereby incorporated by reference as though more fully set forth herein.

10. Pursuant to WVS' oral subcontract with Watauga Concrete Finishers, Watauga Concrete Finishers agreed, among other things, to perform all subcontracted work as follows:

a. In accordance with the terms of WVS' agreement with VPC;

b. In a good and workmanlike manner;

c. In accordance with the plans for the project;

d. In compliance with all applicable codes and industry standards; and

e. Of good quality, free from defects and deficiencies.

11. Plaintiff alleges that WVS' work on the Project was defective and/or deficient, which WVS denies.

12. To the extent that it is established by Plaintiff that WVS' work on the Project was defective and/or deficient, which is again expressly denied, then any such defective work constitutes a breach of Watauga Concrete Finishers' contract with WVS, for which WVS has now been sued and has incurred damages as a direct and proximate result of Watauga Concrete Finishers' breach of its oral subcontract.

13. To the extent it is established by Plaintiff that WVS' work on the Project was defective and/or deficient, WVS seeks and is entitled to recover its damages stemming from Watauga Concrete Finishers' breach of the subcontract, including costs and attorneys' fees in an amount believed to be greater than $75,000.

**SECOND CLAIM FOR RELIEF**
**Breach of Warranty against Watauga Concrete Finishers**

14. The allegations contained in paragraphs 1-13 of the Third-Party Complaint are hereby incorporated by reference as though more fully set forth herein.

15. In performing the subcontracted work on the Project, Watauga Concrete Finishers warranted that such work would be of good quality, free from fault and other defects, in conformance with the agreement between WVS and VPC and in accordance with all applicable building codes.

16. To the extent Plaintiff's allegations against WVS are proven to be true, such allegations being once again expressly denied, then Watauga Concrete Finishers breached its warranty to VPC.

17. To the extent Plaintiff's allegations against WVS are proven to be true, such allegations being once again expressly denied, then Watauga Concrete Finishers' breach of warranty directly and proximately caused damage to WVS.

18. To the extent Plaintiff's allegations against WVS are proven to be true, such allegations being once again expressly denied, WVS seeks and is entitled to recover its damages stemming from Watauga Concrete Finishers' breach of warranty, including costs and attorneys' fees in an amount believed to be greater than $75,000.

**THIRD CLAIM FOR RELIEF**
**Negligence of Watauga Concrete Finishers**

19. The allegations contained in paragraphs 1-18 of the Third-Party Complaint are hereby incorporated by reference as though more fully set forth herein.

20. Watauga Concrete Finishers owed WVS a duty to properly perform their work on the Project.

21. Plaintiff claims that the work performed on the Project by WVS, by and through Watauga Concrete Finishers was defective and/or deficient.

22. To the extent Plaintiff's claims against WVS are proven to be true, such claims being once again expressly denied, then such defective and/or deficient work constitutes a breach of Watauga Concrete Finishers duty to WVS and constitutes negligence.

23. To the extent Plaintiff's claims against WVS are proven to be true, such claims being once again expressly denied, then such defective and/or deficient work was caused by the conduct of Watauga Concrete Finishers and Defendant/Third-Party Plaintiff shall be entitled to recover contribution from Watauga Concrete Finishers for any damages which the Defendant/Third-Party Plaintiff is forced to incur as a consequence of this lawsuit pursuant to Chapter 1B-4 of the North Carolina General Statutes.

## FOURTH CLAIM FOR RELIEF
**Equitable Indemnification**

24. The allegations contained in paragraphs 1-23 of the Third-Party Complaint are hereby incorporated by reference as though more fully set forth herein.

25. Plaintiff alleges that he has suffered damages as a result of certain defective and/or deficient work performed by WVS.

26. WVS subcontracted the scope of work on the project to Watauga Concrete Finishers.

27. WVS has now been sued for alleged defects and deficiencies related to the work and is exposed to liability as a result of the work performed by Watauga Concrete Finishers.

28. WVS denies that it acted negligently or with any fault in any manner related to the work performed on the Project. Nevertheless, if WVS is found to be liable to Plaintiff for its work, such liability again being expressly denied, then any fault or negligence attributable to WVS is passive

and secondary to the primary and active fault or negligence of Watauga Concrete Finishers in connection with its work on the residence.

29. To the extent required, a special relationship between WVS and Watauga Concrete Finishers existed by virtue of their oral subcontract.

30. Based upon and due to the foregoing, WVS seeks and is equitably entitled to be indemnified by Watauga Concrete Finishers, and to recover damages from Watauga Concrete Finishers, for all damages incurred by WVS as a result of this lawsuit, including but not limited to the amount of any judgment obtained against WVS, the amount of any settlement paid by or on behalf of WVS and the costs of defending this action, including costs and attorneys' fees.

WHEREFORE, having fully answered the Plaintiff's Complaint, the Defendant, Watauga Valley Services, LLC, prays unto the Court as follows:

1. That the Plaintiff's Complaint be dismissed;
2. That all issues of fact be tried by a jury;
3. That in the event of an adverse verdict or judgment, that judgment be entered in favor of Defendant/Third-Party Plaintiff on its Third-Party claims against the Watauga Concrete Finishers;
4. That this Defendant be entitled to recover its costs and attorney's fees, as allowed by law; and
5. For such other and further relief as the Court deems just and proper.

[SIGNATURES ON NEXT PAGE]

This, the 10th day of September, 2026.

/s/ Jeffrey S. Bolster

Jeffrey S. Bolster
N.C. State Bar No.: 20868
Melissa R. Monroe
N.C. State Bar No.: 46272
Bolster Rogers, PC
1213 W. Morehead Street, 5th Floor
Charlotte, North Carolina 28208
Telephone: 704-347-4884
Facsimile: 704-347-1087
jbolster@bolsterrogers.com
mmonroe@bolsterrogers.com
*Attorneys for the Defendant Watauga Valley Services, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically with the Clerk of Court using the CM/ECF System, which will send notification to the parties at the electronic mail addresses provided below:

Paul A. Capua
paul@capualaw.com
*Attorney for Plaintiff*

Nathan Miller
nathan@millerandjohnsonlaw.com
*Attorney for Defendant VPC*

Paul Culpepper
paulc@hickorylaw.com
*Attorney for Defendant VPC*

John E. Spainhour
jspainhour@mgclaw.com
*Attorney for A Flooring Outlet, Inc.*

David M. Harmon
dharmon@yhjlaw.com
*Attorney for Price Framing & Construction, LLC*

John M. Nunnally
jnunnally@rl-law.com
Amie C. Sivon
asivon@rl-law.com
*Attorneys for Arete Engineers, PLLC*

This, the 10th day of September, 2026.

/s/ Jeffrey S. Bolster
Jeffrey S. Bolster