**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**Civil Action No. 1:25-cv-00230-MR-WCM**

| | |
|---|---|
| DOUGLAS S. RIORDAN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VPC BUILDERS, LLC; TIMOTHY A. CHURCH d/b/a TIMOTHY CHURCH MASONRY; PRICE FRAMING AND CONSTRUCTION, LLC; WATAUGA VALLEY SERVICES, LLC; A FLOORING OUTLET, INC.; and ARETÉ ENGINEERS, PLLC, | ) |
| | ) |
| Defendants. | ) |

**ANSWER OF PRICE FRAMING AND CONSTRUCTION LLC TO CROSSCLIAMS OF VPC BUILDERS, LLC**

NOW COMES defendant Price framing and construction LLC, by and through counsel, answering and otherwise responding to the crossclaims of VPS Builders, LLC (the "VPC Crossclaims") as follows:

**FIRST DEFENSE**
**(Answers to Numbered Paragraphs of the Amended Complaint)**

1. Admitted.

2. Admitted upon information and belief.

3. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the VPC Crossclaims, and therefore this response has the effect of a denial.

4. Admitted.

5. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the VPC Crossclaims, and therefore this response has the effect of a denial.

6. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the VPC Crossclaims, and therefore this response has the effect of a denial.

7. The foregoing responses of this answering defendant to the VPC Crossclaims are reasserted as if set forth herein.

8. It is admitted upon information and belief that VPC entered into one or more agreements with various subcontractors, including answering defendant, to perform work and/or services on the subject project. Except as admitted, the allegations of this paragraph of the VPC Crossclaims are denied.

9. Denied as to this answering defendant. Except as denied, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the VPC Crossclaims, and therefore this response has the effect of a denial.

10. The foregoing responses of this answering defendant to the VPC Crossclaims are reasserted as if set forth herein.

11. It is admitted upon information and belief that contractors and subcontractors have duties as may be indicated under North Carolina law. Except as admitted, the allegations of this paragraph of the VPC Crossclaims are denied.

12. Denied as to this answering defendant. Except as denied, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the VPC Crossclaims, and therefore this response has the effect of a denial.

13. The foregoing responses of this answering defendant to the VPC Crossclaims are reasserted as if set forth herein.

14. It is admitted upon information and belief that VPC entered into one or more agreements with various subcontractors, including answering defendant, to perform work and/or services on the subject project. Except as admitted, the allegations of this paragraph of the VPC Crossclaims are denied..

15. Denied as to this answering defendant. Except as denied, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the VPC Crossclaims, and therefore this response has the effect of a denial.

16. Denied as to this answering defendant. Except as denied, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the VPC Crossclaims, and therefore this response has the effect of a denial.

17. The foregoing responses of this answering defendant to the VPC Crossclaims are reasserted as if set forth herein.

18. Denied as to this answering defendant. Except as denied, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the VPC Crossclaims, and therefore this response has the effect of a denial.

19. Denied as to this answering defendant. Except as denied, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph of the VPC Crossclaims, and therefore this response has the effect of a denial.

EXCEPT AS ADMITTED OR OTHERWISE SPECIFICALLY ADDRESSED, ALL ALLEGATIONS OF THE VPC CROSSCLAIMS ARE DENIED.

## SECOND DEFENSE
**(Rule 12(b)(6))**

The VPC Crossclaims fail to state a claim upon which relief may be granted, and should therefore be dismissed in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE
**(Statutes of Limitations and Repose)**

All claims against this answering defendant, including crossclaims, are barred by the applicable statute of limitations or statute of repose.

## FOURTH DEFENSE
**(N.C. Gen. Stat § 22B-1)**

Answering defendant asserts N.C. Gen. Stat. § 22B-1 in defense and bar against all claims seeking indemnification, costs, and/or attorney fees, whether based on express indemnity, implied-in-fact indemnity, implied-in-law indemnity, or on any other equitable theories of indemnity, on the grounds that plaintiff and crossclaimant VPC are seeking recovery for damages, costs, and/or attorney fees that were, upon information and belief, directly and proximately caused in whole or in part by plaintiff's or VPC's own active and primary negligence.

**FIFTH DEFENSE**
**(Negligence, Acts and Omissions of Others)**

Any damages to the plaintiff and crossclaimant VPC were caused by the negligence, breaches, acts, and omissions of others, including but not limited to other parties to this litigation.

**SIXTH DEFENSE**
**(Intervening Negligence)**

If it is determined that answering defendant was negligent, which is again denied, then the intervening negligence of others, including but not limited to other parties, insulated any negligence of the answering defendant, and such intervening and insulating negligence is asserted in bar of any recovery by the plaintiff and crossclaimant VPC against this answering defendant.

**SEVENTH DEFENSE**
**(Economic Loss Rule)**

The tort claims of the Amended Complaint and crossclaimant VPC, including claims of negligence, are barred by the economic loss rule.

**EIGHTH DEFENSE**
**(Spearin Doctrine)**

Answering defendant adhered to all plans and specifications it received concerning its work, and therefore all claims, including crossclaims, against answering defendant are barred under the Spearin Doctrine.

**NINTH DEFENSE**
**(Failure to Mitigate Damages)**

Claims against this answering defendant are barred or reduced due to any failures of the plaintiff or crossclaimant VPC to take reasonable steps to mitigate damages.

**<u>TENTH DEFENSE</u>**
**(Completed and Accepted Work)**

Answering defendant's work was completed and accepted by one or more of the defendants and plaintiff, and full payment for the work was issued to this answering defendant. Therefore, the completed and accepted work doctrine bars the claims against this answering defendant.

**<u>ELEVENTH DEFENSE</u>**
**(Alteration or Modification)**

If work done by this answering defendant was altered or modified by any other person or entity, such alteration or modification is asserted in bar of recovery against this answering defendant.

**<u>TWELFTH DEFENSE</u>**
**(No Duty)**

Answering defendant owed no legal duty, and breached no duty, as alleged in the Amended Complaint to the plaintiff, and this lack of duty owed and breached is asserted in bar of recovery against this answering defendant by any other party.

**<u>THIRTEENTH DEFENSE</u>**
**(Chapter 1B - Contribution)**

Answering defendant is not negligent and is not a joint tortfeasor, and therefore there can be no recovery based upon contribution under Chapter 1B of the North Carolina General Statutes.

**<u>FOURTEENTH DEFENSE</u>**
**(Reservation of Defenses)**

Answering defendant reserves the right to assert additional defenses, including affirmative defenses, as may become warranted.

WHEREFORE, defendant Price framing and construction LLC, having answered the Crossclaims of VPC Builders, LLC, respectfully prays the Court:

1. that counterclaimant VPC Builders have and recover nothing of this answering defendant, and that this action be dismissed with prejudice;

2. that the costs of this action be assessed to one or more parties other than this answering defendant;

3. that this answering defendant have and recover its costs, and a reasonable attorney fee as allowed by law;

4. for a trial by jury on all matters and issues so triable; and

5. for such other and further relief such as to this Court may seem just and reasonable.

September 17, 2026.

/s/ David M. Harmon
David M. Harmon
N.C. Bar No. 28395
YORK HARMON JOHNSON EHRLICH, LLP
115 N. Torrence Street
Charlotte, NC 28204
Telephone: (704) 731-7768
dharmon@yhjlaw.com
*Attorney for Defendant Price Framing and Construction LLC*

## CERTIFICATE OF SERVICE

The undersigned, being an attorney duly licensed to practice law in the State of North Carolina and the United States District Court for the Western District of North Carolina, does hereby certify that the foregoing document was served this day via CM/ECF to the following:


Jonah Nathan Bamel
Paul Agustus Capua
CAPUA LAW FIRM, PA
118 North Depot Street
Boone, NC 28607
828-503-1377
828-378-0236 (fax)
jonah@capualaw.com
paul@capualaw.com
*Counsel for Plaintiff*
*Doug S. Riordan*

Paul Evertt Culpepper
YOUNG, MORPHIS, BACH & TAYLOR, LLP
P.O. Drawer 2428
Hickory, NC 28603
828-322-4663
828-324-2431 (fax)
paul@hickorylaw.com
*Counsel for Defendant VPC Builders*

Nathan Arthur Miller
MILLER & JOHNSON, PLLC
PO Box 49
Boone, NC 28607
828-264-1125
828-262-3544 (fax)
nathan@millerandjohnsonlaw.com
*Counsel for Defendant VPC Builders*

Amie C. Sivon
John M. Nunnally
RAGSDALE LIGGETT PLLC
2840 Plaza Place
Suite 400
Raleigh, NC 27612
919-787-5200
919-783-8991 (fax)
asivon@rl-law.com
jnunnally@rl-law.com
*Counsel for Arete Engineers PLLC*

Jeffrey Bolster
Melissa Monroe
Bolster Rogers, PC
1213 W. Morehead Street, 5th Floor
Charlotte, NC 28208
704-347-4884
704-347-1087 (fax)
jbolster@bolsterrogers.com
mmonroe@bolsterrogers.com
*Counsel for Defendant Watauga*
*Valley Services LLC*

John Spainhour
McAngus Goudelock & Courie, LLC
10 Brook Street, Suite 200
Asheville, NC 28803
828-575-1902
jspainhour@mgclaw.com
*Counsel for A Flooring Outlet Inc.*

September 17, 2026.

/s/ David M. Harmon
David M. Harmon
N.C. State Bar No. 28395
YORK HARMON JOHNSON EHRLICH, LLP
115 N. Torrence Stret
Charlotte, NC 28204
(704) 731-7768
dharmon@yhjlaw.com
*Attorney for Defendant Price Framing and Construction LLC*