IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:25-cv-00230-MR-WCM

DOUGLAS S. RIORDAN,

Plaintiff,

v.

VPC BUILDERS, LLC; TIMOTHY A. CHURCH D/B/A TIMOTHY CHURCH MASONRY; PRICE FRAMING AND CONSTRUCTION, LLC; WATAUGA VALLEY SERVICES, LLC; A FLOORING OUTLET, INC.; and ARETÉ ENGINEERS, PLLC,

Defendants.

**DEFENDANT ARETÉ ENGINEERS, PLLC'S ANSWER TO AMENDED COMPLAINT**

NOW COMES Defendant Areté Engineers, PLLC ("Areté"), through counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, and hereby answers Plaintiff's Amended Complaint [DE 26]. Responding to the allegations set forth in the numbered paragraphs of the Amended Complaint, Areté states as follows:

PARTIES, JURISDICTION, and VENUE

1. Areté does not have sufficient information to admit or deny the allegations of Paragraph 1 and therefore the allegations are denied.

2. Areté does not have sufficient information to admit or deny the allegations of Paragraph 2 and therefore the allegations are denied.

3. Areté admits the allegations of the first three sentences of paragraph 3. Areté further admits that it provided certain structural engineering services as set forth in its contract with VPC for the project located at 3916 Shulls Mills Road, Boone, Watauga County, North Carolina. The remaining allegations of Paragraph 3 are denied.

4. Areté does not have sufficient information to admit or deny the allegations of Paragraph 4 and therefore the allegations are denied.

5. Areté does not have sufficient information to admit or deny the allegations of Paragraph 5 and therefore the allegations are denied.

6. Areté does not have sufficient information to admit or deny the allegations of Paragraph 6 and therefore the allegations are denied.

7. Areté does not have sufficient information to admit or deny the allegations of Paragraph 7 and therefore the allegations are denied.

8. The allegations of Paragraph 8 concern legal conclusions which do not require a response. To the extent a response is required, denied.

9. The allegations of Paragraph 9 concern legal conclusions which do not require a response. To the extent a response is required, denied.

10. The allegations of Paragraph 10 concern legal conclusions which do not require a response. To the extent a response is required, denied.

11. The allegations of Paragraph 11 concern legal conclusions which do not require a response. To the extent a response is required, denied.

12. Areté does not have sufficient information to admit or deny the allegations of Paragraph 12 and therefore the allegations are denied.

13. The allegations of Paragraph 13 concern legal conclusions which do not require a response. To the extent a response is required, denied.

INTRODUCTION

14. It is admitted upon information and belief that one or more contracts existed between Plaintiff and VPC concerning the subject property and project. Areté does not have sufficient information to admit or deny the remaining allegations of Paragraph 14 and therefore the allegations are denied.

15. The allegations contained in Paragraph 15 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

16. Areté does not have sufficient information to admit or deny the allegations of Paragraph 16 and therefore the allegations are denied.

17. It is admitted that VPC retained Arete to provide certain structural engineering services as set forth in its contract with VPC for the project. The remaining allegations of Paragraph 17 are denied due to lack of sufficient information.

18. The allegations of Paragraph 18 are denied as to Arete. The remaining allegations of Paragraph 18 are denied due to lack of sufficient information.

19. The allegations of Paragraph 19 are denied.

FACTUAL BACKGROUND

*The Contracts*

20. The allegations of Paragraph 20 are denied due to lack of sufficient information.

21. The allegations of Paragraph 21 are denied due to lack of sufficient information.

22. The allegations of Paragraph 22 are denied due to lack of sufficient information.

23. The allegations of Paragraph 23 are denied due to lack of sufficient information.

24. The allegations of Paragraph 24 are denied due to lack of sufficient information.

25. The allegations of Paragraph 25 are denied due to lack of sufficient information.

26. The allegations of Paragraph 26 are denied due to lack of sufficient information.

27. The allegations of Paragraph 27 are denied due to lack of sufficient information.

28. The allegations of Paragraph 28 are denied due to lack of sufficient information.

29. The allegations of Paragraph 29 are denied due to lack of sufficient information.

30. The allegations of Paragraph 30 are denied due to lack of sufficient information.

31. The allegations of Paragraph 31 are denied due to lack of sufficient information.

*VPC's Poor Project Execution, Delays, Defects, and Overbilling*

32. The allegations of Paragraph 32 are denied due to lack of sufficient information.

33. The allegations of Paragraph 33 are denied due to lack of sufficient information.

34. The allegations of Paragraph 34 are denied due to lack of sufficient information.

35. As to the allegations of Paragraph 35, it is specifically denied that there are any structural defects. The remaining allegations of Paragraph 35 are denied due to lack of sufficient information.

36. The allegations of Paragraph 36 are denied due to lack of sufficient information

37. The allegations of Paragraph 37 are denied due to lack of sufficient information.

38. The allegations of Paragraph 38 are denied due to lack of sufficient information.

39. The allegations of Paragraph 39 are denied due to lack of sufficient information.

40. The allegations of Paragraph 40 are denied due to lack of sufficient information.

41. The allegations of Paragraph 41 are denied due to lack of sufficient information.

42. The allegations of Paragraph 42 are denied due to lack of sufficient information.

43. The allegations of Paragraph 43 are denied due to lack of sufficient information.

44. The allegations of Paragraph 44 are denied due to lack of sufficient information.

45. The allegations of Paragraph 45 are denied due to lack of sufficient information.

46. The allegations of Paragraph 46 are denied due to lack of sufficient information.

*VPC Treats Completion Dates as a Moving Target*

47. The allegations of Paragraph 47 are denied due to lack of sufficient information.

48. The allegations of Paragraph 48 are denied due to lack of sufficient information.

49. The allegations of Paragraph 49 are denied due to lack of sufficient information.

50. The allegations of Paragraph 50 are denied due to lack of sufficient information.

51. The allegations of Paragraph 51 are denied due to lack of sufficient information.

52. The allegations of Paragraph 52 are denied due to lack of sufficient information.

53. The allegations of Paragraph 53 are denied due to lack of sufficient information.

*VPC's Mounting Costs, Unreasonable Delays and No End in Sight to Overbilling*

54. The allegations of Paragraph 54 are denied due to lack of sufficient information.

55. The allegations of Paragraph 55 are denied due to lack of sufficient information.

56. The allegations of Paragraph 56 are denied due to lack of sufficient information.

57. The allegations of Paragraph 57 are denied due to lack of sufficient information.

58. The allegations of Paragraph 58 are denied due to lack of sufficient information.

*VPC Stops Work, Breaches Contract, and Termination*

59. The allegations of Paragraph 59 are denied due to lack of sufficient information.

60. The allegations of Paragraph 60 are denied due to lack of sufficient information.

61. The allegations of Paragraph 61 are denied due to lack of sufficient information.

62. The allegations of Paragraph 62 are denied due to lack of sufficient information.

63. The allegations of Paragraph 63 are denied due to lack of sufficient information.

*The Work Deviates from the Contract Requirements, is Defective, Violates the Building Code, and Contains Design Defects*

64. The allegations of Paragraph 64 are denied due to lack of sufficient information.

65. The allegations of Paragraph 65 are denied due to lack of sufficient information.

66. The allegations of Paragraph 66 are denied due to lack of sufficient information.

67. The allegations of Paragraph 67 are denied.

68. The allegations of Paragraph 68 are denied due to lack of sufficient information.

69. The allegations of Paragraph 69 are denied due to lack of sufficient information.

70. The allegations of Paragraph 70 are denied due to lack of sufficient information.

71. The allegations of Paragraph 71 are denied due to lack of sufficient information.

72. The allegations of Paragraph 72 are denied due to lack of sufficient information.

73. The allegations of Paragraph 73 are denied due to lack of sufficient information.

74. The allegations of Paragraph 74 are denied.

75. The allegations of Paragraph 75 are denied.

76. The allegations of Paragraph 76 are denied.

77. The allegations of Paragraph 77 are denied due to lack of sufficient information.

78. The allegations of Paragraph 78 are denied due to lack of sufficient information.

79. The allegations of Paragraph 79 are denied due to lack of sufficient information.

80. The allegations of Paragraph 80 are denied due to lack of sufficient information.

81. The allegations of Paragraph 81 are denied due to lack of sufficient information.

82. The allegations of Paragraph 82 are denied due to lack of sufficient information.

83. The allegations of Paragraph 83 are denied due to lack of sufficient information.

84. The allegations of Paragraph 84 are denied due to lack of sufficient information.

85. The allegations of Paragraph 85 are denied.

86. The allegations of Paragraph 86 are denied.

COUNT I – BREACH OF CONTRACT
(The Design Agreement – Against VPC)

87. Areté incorporates by reference its responses to the previous allegations.

88. The allegations contained in Paragraph 88 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

89. The allegations contained in Paragraph 89 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

90. The allegations contained in Paragraph 90 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

91. The allegations contained in Paragraph 91 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

92. The allegations contained in Paragraph 92 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

93. The allegations of Paragraph 93, including all subparts, are denied.

94. The allegations contained in Paragraph 94 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

95. The allegations contained in Paragraph 95 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

96. The allegations contained in Paragraph 96 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

COUNT II – BREACH OF IMPLIED DUTY THAT PLANS AND SPECIFICATIONS ARE ADEQUATE, ACCURATE AND COMPLETE
(The Design Agreement – Against VPC)

97. Areté incorporates by reference its responses to the previous allegations.

98. The allegations contained in Paragraph 98 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

99. The allegations contained in Paragraph 99, including all subparts, are denied.

100. The allegations contained in Paragraph 100 are denied.

101. The allegations contained in Paragraph 101 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

## COUNT III – BREACH OF CONTRACT
## (The Construction Agreement – Against VPC)

102. Areté incorporates by reference its responses to the previous allegations.

103. The allegations contained in Paragraph 103 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

104. The allegations contained in Paragraph 104 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

105. The allegations contained in Paragraph 105 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

106. The allegations contained in Paragraph 106 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

107. The allegations contained in Paragraph 107 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

108. Any allegations in Paragraph 108 alleging or suggesting negligence, breach of contract, or other wrongdoing by Areté are denied. The remaining allegations contained in Paragraph 108 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations, including all subparts, are denied.

109. The allegations contained in Paragraph 109 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

110. The allegations contained in Paragraph 110 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

111. The allegations contained in Paragraph 111 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

## COUNT IV – BREACH OF IMPLIED DUTY OF WORKMANLIKE PERFORMANCE (The Construction Agreement – Against VPC)

112. Areté incorporates by reference its responses to the previous allegations.

113. The allegations contained in Paragraph 113 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

114. The allegations contained in Paragraph 114 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

115. The allegations contained in Paragraph 115 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

116. The allegations contained in Paragraph 116 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

117. The allegations contained in Paragraph 117 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

118. The allegations contained in Paragraph 118 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

119. The allegations contained in Paragraph 119 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

COUNT V – DECLARATORY JUDGMENT
(Against VPC)

120. Areté incorporates by reference its responses to the previous allegations.

121. The allegations contained in Paragraph 121 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

122. The allegations contained in Paragraph 122 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

123. The allegations contained in Paragraph 123 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

124. The allegations contained in Paragraph 124 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations, including all subparts, are denied.

COUNT VI – NEGLIGENCE
(Against Church)

125. Areté incorporates by reference its responses to the previous allegations.

126. The allegations contained in Paragraph 126 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

127. The allegations contained in Paragraph 127 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

128. The allegations contained in Paragraph 128 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

129. The allegations contained in Paragraph 129 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations, including all subparts, are denied.

130. The allegations contained in Paragraph 130 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

131. The allegations contained in Paragraph 131 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

132. The allegations contained in Paragraph 132 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

COUNT VII – BREACH OF IMPLIED DUTY OF WORKMANLIKE PERFORMANCE
(Against Church)

133. Areté incorporates by reference its responses to the previous allegations.

134. The allegations contained in Paragraph 134 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

135. The allegations contained in Paragraph 135 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

136. The allegations contained in Paragraph 136 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

137. The allegations contained in Paragraph 137 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

138. The allegations contained in Paragraph 138 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

COUNT VIII – NEGLIGENCE
(Against Price)

139. Areté incorporates by reference its responses to the previous allegations.

140. The allegations contained in Paragraph 140 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

141. The allegations contained in Paragraph 141 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

142. The allegations contained in Paragraph 142 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

143. The allegations contained in Paragraph 143 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

144. The allegations contained in Paragraph 144 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations, including all subparts, are denied.

145. The allegations contained in Paragraph 145 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

146. The allegations contained in Paragraph 146 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

147. The allegations contained in Paragraph 147 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

COUNT IX – BREACH OF IMPLIED DUTY OF WORKMANLIKE PERFORMANCE
(Against Price)

148. Areté incorporates by reference its responses to the previous allegations.

149. The allegations contained in Paragraph 149 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

150. The allegations contained in Paragraph 150 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

151. The allegations contained in Paragraph 151 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

152. The allegations contained in Paragraph 152 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

153. The allegations contained in Paragraph 153 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

COUNT X – NEGLIGENCE
(Against Watauga Valley Services)

154. Areté incorporates by reference its responses to the previous allegations.

155. The allegations contained in Paragraph 155 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

156. The allegations contained in Paragraph 156 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

157. The allegations contained in Paragraph 157 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

158. The allegations contained in Paragraph 158 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

159. The allegations contained in Paragraph 159 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations, including all subparts, are denied.

160. The allegations contained in Paragraph 160 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

161. The allegations contained in Paragraph 161 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

162. The allegations contained in Paragraph 162 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

COUNT XI – BREACH OF IMPLIED DUTY OF WORKMANLIKE PERFORMANCE
(Against Watauga Valley Services)

163. Areté incorporates by reference its responses to the previous allegations.

164. The allegations contained in Paragraph 164 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

165. The allegations contained in Paragraph 165 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

166. The allegations contained in Paragraph 166 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

167. The allegations contained in Paragraph 167 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

168. The allegations contained in Paragraph 168 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

COUNT XII – NEGLIGENCE
(Against A Flooring Outlet)

169. Areté incorporates by reference its responses to the previous allegations.

170. The allegations contained in Paragraph 170 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

171. The allegations contained in Paragraph 171 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

172. The allegations contained in Paragraph 172 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

173. The allegations contained in Paragraph 173 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

174. The allegations contained in Paragraph 174 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

175. The allegations contained in Paragraph 175 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations, including all subparts, are denied.

176. The allegations contained in Paragraph 176 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

177. The allegations contained in Paragraph 177 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

178. The allegations contained in Paragraph 178 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

## COUNT XIII – BREACH OF IMPLIED DUTY OF WORKMANLIKE PERFORMANCE (Against A Flooring Outlet)

179. Areté incorporates by reference its responses to the previous allegations.

180. The allegations contained in Paragraph 180 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

181. The allegations contained in Paragraph 181 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

182. The allegations contained in Paragraph 182 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

183. The allegations contained in Paragraph 183 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

184. The allegations contained in Paragraph 184 do not pertain to Areté. Accordingly, no response is required. To the extent that a response is required, the allegations are denied.

COUNT XII – NEGLIGENCE
(Against Areté Engineers)

185. Areté incorporates by reference its responses to the previous allegations.

186. Areté admits that it provided certain structural engineering services as set forth in its contract with VPC for the project. The remaining allegations of Paragraph 186 are denied.

187. The allegations of Paragraph 187 assert legal conclusions which do not have to be answered. To the extent an answer is required, denied.

188. Areté admits that it provided certain structural engineering services as set forth in its contract with VPC for the project. The remaining allegations of Paragraph 188 are denied.

189. The allegations of Paragraph 189 assert legal conclusions which do not have to be answered. To the extent an answer is required, denied.

190. The allegations of Paragraph 190, including all subparts, are denied.

191. The allegations of Paragraph 191 are denied.

192. The allegations of Paragraph 192 are denied.

193. The allegations of Paragraph 193 are denied.

COUNT XV – BREACH OF THE IMPLIED DUTY THAT THE PLANS ARE ADEQUATE, ACCURATE AND COMPLETE
(Against Areté Engineers)

194. Areté incorporates by reference its responses to the previous allegations.

195. Areté admits that it provided certain structural engineering services as set forth in its contract with VPC for the project. The remaining allegations of Paragraph 195 are denied.

196. The allegations of Paragraph 196 assert legal conclusions which do not have to be answered. To the extent an answer is required, denied.

197. The allegations of Paragraph 197, including all subparts, are denied.

198. The allegations of Paragraph 198 are denied.

199. The allegations of Paragraph 199 are denied.

**Areté denies that Plaintiff is entitled to Attorneys' Fees.**

**All allegations not specifically admitted are denied including Plaintiff's prayer for relief.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Areté upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Areté pleads the economic loss doctrine as a defense to the claims against it.

### THIRD AFFIRMATIVE DEFENSE

Areté pleads that it met the applicable standard of care.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff failed to mitigate his damages, Plaintiff's claims are barred in whole or in part.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by one or more of the doctrines of waiver, estoppel, unclean hands, and/or laches.

### SIXTH AFFIRMATIVE DEFENSE

Areté pleads the statutes of limitations and statutes of repose as bars to Plaintiff's recovery.

### SEVENTH AFFIRMATIVE DEFENSE

Areté pleads a lack of privity as a bar to Plaintiff's claims against it.

### EIGHTH AFFIRMATIVE DEFENSE

Areté pleads the terms and limitations contained in the applicable contracts and warranties as a bar in whole or in part to Plaintiff's claims.

## NINTH AFFIRMATIVE DEFENSE

Areté pleads that it is only responsible for providing the scope of work and services for which it contracted.

## TENTH AFFIRMATIVE DEFENSE

Areté pleads the doctrine of contributory negligence as a bar to recovery in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

Should it be determined that Areté was negligent, which is denied, it is alleged that the intervening, insulating, and superseding negligence of third parties, including but not limited to the other parties named in this action, was the proximate cause of any damages which may have been sustained by Plaintiff and bars recovery from Areté.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent other parties deviated, modified, altered, or did not follow Areté's plans, Areté is not responsible for any resulting damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or limited to the extent those damages constitute betterment or added value to the Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Areté reserves the right to plead and prove any additional defenses as may become known during the course of discovery and/or investigation.

WHEREFORE, Defendant Areté, having answered the First Amended Complaint, respectfully prays the Court:

1. That Plaintiff have and recover nothing of this answering defendant, and that this action be dismissed with prejudice;

2. That the costs of this action be assessed to one or more parties other than this answering defendant;

3. For a trial by jury on all matters and issues so triable;

4. And for such other and further relief s this Court may deem just and reasonable.

Respectfully submitted this 22nd day of September, 2026.

**RAGSDALE LIGGETT PLLC**

BY: *_/s/ Amie C. Sivion_________*
JOHN M. NUNNALLY
N.C. Bar No. 19203
AMIE C. SIVON
N.C. Bar No. 34206
2840 Plaza Place, Suite 400
Raleigh, NC 27612
Telephone: (919) 787-5200
Facsimile: (919) 783-8991
Email: jnunnally@lr-law.com
asivon@rl-law.com
*Attorneys for Defendant* Areté Engineers, PLLC