**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Asheville Division**
**Case No. 1:25-cv-00230**

| | |
|---|---|
| **DOUGLAS S. RIORDAN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**VPC BUILDERS, LLC; TIMOTHY A. CHURCH d/b/a TIMOTHY CHURCH MASONRY; PRICE FRAMING AND CONSTRUCTION, LLC; WATAUGA VALLEY SERVICES, LLC; A FLOORING OUTLET, INC.; and ARETÉ ENGINEERS, PLLC,**<br><br>**Defendants.** | **DEFENDANT TIMOTHY A. CHURCH doing business as TIMOTHY CHURCH MASONRY'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |

**NOW COMES** the Defendant Timothy Church, doing business as Timothy Church Masonry ("**Defendant Church**"), by and through their undersigned counsel, and hereby answers the First Amended Complaint ("Amended Complaint") of Plaintiff Douglas S. Riordan ("**Plaintiff**") as follows:

## FIRST DEFENSE
## -RESPONSE TO NUMBERED ALLEGATIONS-

1. Defendant Church does not have sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint, and therefore denies them.

2. The allegations contained in Paragraph 2 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a

response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 2 of the Amended Complaint, and therefore denies them.

3. The allegations contained in Paragraph 3 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 3 of the Amended Complaint, and therefore denies them.

4. The allegations contained in Paragraph 4 are admitted, upon information and belief.

5. The allegations contained in Paragraph 5 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 5 of the Amended Complaint, and therefore denies them.

6. The allegations contained in Paragraph 6 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 6 of the Amended Complaint, and therefore denies them.

7. The allegations contained in Paragraph 7 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 7 of the Amended Complaint, and therefore denies them.

8. Paragraph 8 of the Amended Complaint contains and presents legal conclusions to which no response is required. To the extent a response is required, Defendant Church admits it is a citizen of Tennessee in his individual capacity. Defendant Church lacks knowledge sufficient to

form a belief as to any remaining allegations contained within Paragraph 8 of the Amended Complaint, and therefore denies them.

9. Paragraph 9 of the Amended Complaint contains and presents legal conclusions to which no response is required. To the extent a response is required, Defendant Church denies any remaining allegations contained within Paragraph 9 of the Amended Complaint.

10. Paragraph 10 of the Amended Complaint contains and presents legal conclusions to which no response is required. To the extent a response is required, Defendant Church admits it performs stone masonry work in the state of North Carolina, and worked on the property subject to the allegations contained in the remainder of the Amended Complaint. Defendant Church lacks knowledge sufficient to form a belief as to any allegations contained within Paragraph 10 of the Amended Complaint referring to other parties, and therefore denies them. All other remaining allegations contained in Paragraph 10 of the Amended Complaint not specifically admitted herein are denied.

11. Paragraph 11 of the Amended Complaint contains and presents legal conclusions to which no response is required. To the extent a response is required, Defendant Church denies any remaining allegations contained within Paragraph 11 of the Amended Complaint.

12. Defendant Church does not have sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint, and therefore denies them.

13. Paragraph 13 of the Amended Complaint contains and presents legal conclusions to which no response is required. To the extent a response is required, Defendant Church denies any remaining allegations contained within Paragraph 13 of the Amended Complaint.

14. The allegations contained in Paragraph 14 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 14 of the Amended Complaint, and therefore denies them.

15. The allegations contained in Paragraph 15 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 15 of the Amended Complaint, and therefore denies them.

16. Defendant Church does not have sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint, and therefore denies them.

17. Defendant Church admits Defendant VPC Builders, LLC ("**VPC**") retained Defendant Church under a construction subcontract to perform stone masonry work as set forth in the construction subcontract between Defendant Church and VPC. The remaining allegations contained in Paragraph 17 of the Amended Complaint that refer to Defendant Church are denied. All other allegations in Paragraph 17 of the Amended Complaint refer to other parties that do not warrant a response from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations and denies them. Any remaining allegation contained in Paragraph 17 of the Amended Complaint is denied.

18. To the extent the allegations contained in Paragraph 18 of the Amended Complaint refer to Defendant Church, the allegations are denied. upon information and belief. All other allegations in Paragraph 18 of the Amended Complaint refer to other parties that do not warrant a response from Defendant Church. To the extent a response is required, Defendant Church lacks

knowledge sufficient to form a belief as to the allegations and denies them. Any remaining allegation contained in Paragraph 18 of the Amended Complaint is denied

19. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint, and therefore denies them.

20. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint, and therefore denies them.

21. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint, and therefore denies them.

22. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint, and therefore denies them.

23. The allegations contained in Paragraph 23 of the Amended Complaint refer to contract language from the Design Agreement as defined in Paragraph 22 of the Amended Complaint, a document which speaks for itself. To the extent the allegations presented in Paragraph 23 of the Amended Complaint are inconsistent with the Design Agreement, Defendant Church denies them.

24. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint, and therefore denies them.

25. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 25 of the Amended Complaint, and therefore denies them.

26. The allegations contained in Paragraph 26 of the Amended Complaint refer to contract language from the Plans as defined in Paragraph 24 of the Amended Complaint, a document which speaks for itself. To the extent the allegations presented in Paragraph 26 of the Amended Complaint are inconsistent with the Plans, Defendant Church denies them.

27. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint, and therefore denies them.

28. The allegations contained in Paragraph 28 of the Amended Complaint refer to contract language from the Construction Agreement as defined in Paragraph 22 of the Amended Complaint, a document which speaks for itself. To the extent the allegations presented in Paragraph 28 of the Amended Complaint are inconsistent with the Construction Agreement, Defendant Church denies them.

29. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint, and therefore denies them.

30. The allegations contained in Paragraph 30 of the Amended Complaint refer to contract language from the Construction Agreement as defined in Paragraph 22 of the Amended Complaint, a document which speaks for itself. To the extent the allegations presented in Paragraph 30 of the Amended Complaint are inconsistent with the Construction Agreement, Defendant Church denies them.

31. The allegations contained in Paragraph 31 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 31 of the Amended Complaint, and therefore denies them.

32. The allegations contained in Paragraph 32 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 32 of the Amended Complaint, and therefore denies them.

33. The allegations contained in Paragraph 33 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 33 of the Amended Complaint, and therefore denies them.

34. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 34 of the Amended Complaint, and therefore denies them.

35. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 35 and all its subparts of the Amended Complaint, and therefore denies them.

36. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 36 of the Amended Complaint, and therefore denies them.

37. The allegations contained in Paragraph 37 and its subparts of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church.

To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 37 and all its subparts of the Amended Complaint, and therefore denies them.

38. The allegations contained in Paragraph 38 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 38 of the Amended Complaint, and therefore denies them.

39. The allegations contained in Paragraph 39 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 39 of the Amended Complaint, and therefore denies them.

40. The allegations contained in Paragraph 40 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 40 of the Amended Complaint, and therefore denies them.

41. The allegations contained in Paragraph 41 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 41 of the Amended Complaint, and therefore denies them.

42. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 42 of the Amended Complaint, and therefore denies them.

43. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 43 of the Amended Complaint, and therefore denies them.

44. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 44 of the Amended Complaint, and therefore denies them.

45. The allegations contained in Paragraph 45 of the Amended Complaint refer to the actions of another party and the contract language from the Change Order #32 as defined in Paragraph 45 of the Amended Complaint, a document which speaks for itself, and no response is required from Defendant Church. To the extent a response is required, or to the extent the allegations presented in Paragraph 45 of the Amended Complaint are inconsistent with the Construction Agreement, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained and therefore denies them.

46. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 46 of the Amended Complaint, and therefore denies them.

47. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 47 of the Amended Complaint, and therefore denies them.

48. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 48 of the Amended Complaint, and therefore denies them.

49. The allegations contained in Paragraph 40 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 49 of the Amended Complaint, and therefore denies them.

50. The allegations contained in Paragraph 50 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 50 of the Amended Complaint, and therefore denies them.

51. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 51 of the Amended Complaint, and therefore denies them.

52. The allegations contained in Paragraph 52 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 52 of the Amended Complaint, and therefore denies them.

53. The allegations contained in Paragraph 53 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 53 of the Amended Complaint, and therefore denies them.

54. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 54 of the Amended Complaint, and therefore denies them.

55. The allegations contained in Paragraph 55 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 55 of the Amended Complaint, and therefore denies them.

56. The allegations contained in Paragraph 56 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 56 of the Amended Complaint, and therefore denies them.

57. The allegations contained in Paragraph 57 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 57 of the Amended Complaint, and therefore denies them.

58. The allegations contained in Paragraph 58 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 58 of the Amended Complaint, and therefore denies them.

59. The allegations contained in Paragraph 59 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 59 of the Amended Complaint, and therefore denies them.

60. The allegations contained in Paragraph 60 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a

response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 60 of the Amended Complaint, and therefore denies them.

61. The allegations contained in Paragraph 61 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 61 of the Amended Complaint, and therefore denies them.

62. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 62 of the Amended Complaint, and therefore denies them.

63. The allegations contained in Paragraph 63 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 63 of the Amended Complaint, and therefore denies them.

64. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 64 of the Amended Complaint, and therefore denies them.

65. To the extent the allegations contained in Paragraph 65 of the Amended Complaint refer to stone veneer and masonry work, Defendant Church admits it was retained by VPC through a subcontract agreement to perform the stone masonry work. To the extent the allegations contained in Paragraph 65 of the Amended Complaint refer to the actions of another party, no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the remaining allegations contained in

Paragraph 65 of the Amended Complaint, and therefore denies them. All allegations not specifically admitted in Paragraph 65 of the Amended Complaint are denied.

66. The allegations contained in Paragraph 66 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church admits only that it was a subcontractor of VPC on the Project. Any other allegations contained in Paragraph 66 of the Amended Complaint are denied.

67. The allegations contained in Paragraph 67 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 67 of the Amended Complaint, and therefore denies them.

68. Defendant Church admits it was retained by VPC under a construction subcontract agreement to perform certain work on the Project. Defendant Church denies that there was a construction subcontract containing all the terms set forth by Plaintiff in Paragraph 68 of the Amended Complaint. Defendant Church expressly denies it breached any duty it may have owed to Plaintiff. Except as expressly admitted or explained above, any remaining allegations contained in Paragraph 68 of the Amended Complaint are denied.

69. The allegations contained in Paragraph 69 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 69 of the Amended Complaint, and therefore denies them.

70. The allegations contained in Paragraph 70 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a

response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 70 of the Amended Complaint, and therefore denies them.

71. The allegations contained in Paragraph 71 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 71 of the Amended Complaint, and therefore denies them.

72. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 72 of the Amended Complaint, as no expert report from Plaintiff has been shared with Defendant Church. To the extent the allegations contained in Paragraph 72 of the Amended Complaint refer to actions or work by Defendant Church on the Project, the allegations are expressly denied and Defendant Church demands proof demonstrating their veracity. All other allegations contained in Paragraph 72 of the Amended Complaint are denied.

73. The allegations contained in Paragraph 73 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 73 of the Amended Complaint, and therefore denies them.

74. The allegations contained in Paragraph 74 of the Amended Complaint refer to the actions of another party and statutory language from the 2018 North Carolina Residential Code, and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 74 of the Amended Complaint, and therefore denies them.

75. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 75 of the Amended Complaint, and therefore denies them.

76. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 76 of the Amended Complaint, and therefore denies them.

77. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 77 of the Amended Complaint, and therefore denies them.

78. The allegations contained in Paragraph 78 of the Amended Complaint are expressly denied. Defendant Church denies that it breached any duty owed to Plaintiff, and further denies any work performed was defective. Defendant Church complied with the terms of the construction subcontract between Defendant Church and VPC. Except as explained above, any remaining allegations contained in Paragraph 78 of the Amended Complaint are denied.

79. The allegations contained in Paragraph 79 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 79 of the Amended Complaint, and therefore denies them.

80. The allegations contained in Paragraph 80 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 80 of the Amended Complaint, and therefore denies them.

81. To the extent the allegations contained in Paragraph 81 of the Amended Complaint refer to masonry work, Defendant Church denies the allegations. To the extent the allegations contained in Paragraph 81 of the Amended Complaint refer to the actions or work of another party, Defendant Church lacks knowledge sufficient to form a belief as to those allegations and therefore denies them.

82. The allegations contained in Paragraph 82 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 82 of the Amended Complaint, and therefore denies them.

83. The allegations contained in Paragraph 83 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 83 of the Amended Complaint, and therefore denies them.

84. The allegations contained in Paragraph 84 of the Amended Complaint are denied.

85. The allegations contained in Paragraph 85 of the Amended Complaint are denied.

86. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 86 of the Amended Complaint, and therefore denies them.

## COUNT I – BREACH OF CONTRACT
## (The Design Agreement – Against VPC)

87. Defendant Church reasserts its answers as if they were set forth herein verbatim.

88. The allegations contained in Paragraph 88 of the Amended Complaint refer to contract language from the Design Agreement as defined in Paragraph 22 of the Amended Complaint, a document which speaks for itself. To the extent the allegations presented in Paragraph

88 of the Amended Complaint are inconsistent with the Design Agreement, Defendant Church denies them.

89. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 89 of the Amended Complaint, and therefore denies them.

90. The allegations contained in Paragraph 90 of the Amended Complaint refer to contract language from the Design Agreement as defined in Paragraph 22 of the Amended Complaint, a document which speaks for itself. To the extent the allegations presented in Paragraph 90 of the Amended Complaint are inconsistent with the Design Agreement, Defendant Church denies them.

91. The allegations contained in Paragraph 91 present a legal conclusion to which no response is required. To the extent a response is required, Defendant Church refers to the contract language from the Design Agreement as defined in Paragraph 22 of the Amended Complaint, a document which speaks for itself. To the extent the allegations presented in Paragraph 91 of the Amended Complaint are inconsistent with the Design Agreement, Defendant Church denies them.

92. The allegations contained in Paragraph 92 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 92 of the Amended Complaint, and therefore denies them.

93. The allegations contained in Paragraph 93 and its subparts of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief

as to the allegations contained in Paragraph 93 and all its subparts of the Amended Complaint, and therefore denies them.

94. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 94 of the Amended Complaint, and therefore denies them.

95. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 95 of the Amended Complaint, and therefore denies them.

96. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 96 of the Amended Complaint, and therefore denies them.

COUNT II – BREACH OF IMPLIED DUTY THAT PLANS AND SPECIFICATIONS ARE ADEQUATE, ACCURATE, AND COMPLETE
(The Design Agreement - Against VPC)

97. Defendant Church reasserts its answers as if they were set forth herein verbatim.

98. The allegations contained in Paragraph 98 present a legal conclusion to which no response is required. To the extent a response is required, Defendant Church refers to the contract language from the Design Agreement as defined in Paragraph 22 of the Amended Complaint, a document which speaks for itself. To the extent the allegations presented in Paragraph 98 of the Amended Complaint are inconsistent with the Design Agreement, Defendant Church denies them.

99. The allegations contained in Paragraph 99 and its subparts of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief

as to the allegations contained in Paragraph 99 and all its subparts of the Amended Complaint, and therefore denies them.

100. The allegations contained in Paragraph 100 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 100 of the Amended Complaint, and therefore denies them.

101. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 101 of the Amended Complaint, and therefore denies them.

COUNT III – BREACH OF CONTRACT
(The Construction Agreement – Against VPC)

102. Defendant Church reasserts its answers as if they were set forth herein verbatim.

103. The allegations contained in Paragraph 103 of the Amended Complaint refer to contract language from the Construction Agreement as defined in Paragraph 22 of the Amended Complaint, a document which speaks for itself. To the extent the allegations presented in Paragraph 103 of the Amended Complaint are inconsistent with the Construction Agreement, Defendant Church denies them.

104. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 104 of the Amended Complaint, and therefore denies them.

105. The allegations contained in Paragraph 105 of the Amended Complaint refer to contract language from the Construction Agreement as defined in Paragraph 22 of the Amended Complaint, a document which speaks for itself. To the extent the allegations presented in Paragraph

105 of the Amended Complaint are inconsistent with the Construction Agreement, Defendant Church denies them.

106. The allegations contained in Paragraph 106 of the Amended Complaint refer to contract language from the Construction Agreement as defined in Paragraph 22 of the Amended Complaint, a document which speaks for itself. To the extent the allegations presented in Paragraph 106 of the Amended Complaint are inconsistent with the Construction Agreement, Defendant Church denies them.

107. The allegations contained in Paragraph 107 of the Amended Complaint refer to contract language from the Construction Agreement as defined in Paragraph 22 of the Amended Complaint, a document which speaks for itself. To the extent the allegations presented in Paragraph 107 of the Amended Complaint are inconsistent with the Construction Agreement, Defendant Church denies them.

108. The allegations contained in Paragraph 108 and its subparts of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 108 and all its subparts of the Amended Complaint, and denies that it breached any duty owed to Plaintiff, therefore the allegations contained in Paragraph 108 and all its subparts are denied.

109. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 109 of the Amended Complaint, and therefore denies them.

110. The allegations contained in Paragraph 110 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a

response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 110 of the Amended Complaint, and therefore denies them.

111. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 111 of the Amended Complaint, and therefore denies them.

COUNT IV – BREACH OF THE IMPLIED DUTY OF WORKMANLIKE PERFORMANCE
(The Construction Agreement – Against VPC)

112. Defendant Church reasserts its answers as if they were set forth herein verbatim.

113. The allegations contained in Paragraph 113 present a legal conclusion to which no response is required. To the extent a response is required, Defendant Church refers to the contract language from the Construction Agreement as defined in Paragraph 22 of the Amended Complaint, a document which speaks for itself. To the extent the allegations presented in Paragraph 113 of the Amended Complaint are inconsistent with the Construction Agreement, Defendant Church denies them.

114. The allegations contained in Paragraph 114 present a legal conclusion to which no response is required. To the extent a response is required, Defendant Church refers to the contract language from the Construction Agreement as defined in Paragraph 22 of the Amended Complaint, a document which speaks for itself. To the extent the allegations presented in Paragraph 114 of the Amended Complaint are inconsistent with the Construction Agreement, Defendant Church denies them.

115. The allegations contained in Paragraph 115 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a

response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 115 of the Amended Complaint, and therefore denies them.

116. To the extent the allegations contained in Paragraph 116 of the Amended Complaint refer to masonry work on the Project, Defendant Church denies breaching the terms of its subcontract with VPC or any implied duty of workmanlike performance therein. To the extent the allegations contained in Paragraph 116 of the Amended Complaint refer to the actions of another party, Defendant Church lacks knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 116 of the Amended Complaint, and therefore denies them.

117. To the extent the allegations contained in Paragraph 117 of the Amended Complaint refer to stone veneer system work on the Project, Defendant Church denies breaching the terms of its subcontract with VPC or that any defective work was performed under the terms of its subcontract with VPC. To the extent the allegations contained in Paragraph 117 of the Amended Complaint refer to the actions of another party, Defendant Church lacks knowledge sufficient to form a belief as to the remaining allegations contained in Paragraph 117 of the Amended Complaint, and therefore denies them..

118. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 118 of the Amended Complaint, and therefore denies them.

119. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 119 of the Amended Complaint, and therefore denies them.

COUNT V – DECLARATORY JUDGMENT
(Against VPC)

120. Defendant Church reasserts its answers as if they were set forth herein verbatim.

121. Paragraph 121 of the Amended Complaint contains and presents legal conclusions to which no response is required. To the extent a response is required, Defendant Church denies the allegations contained within Paragraph 121 of the Amended Complaint.

122. Paragraph 122 of the Amended Complaint contains and presents legal conclusions to which no response is required. To the extent a response is required, Defendant Church denies the allegations contained within Paragraph 122 of the Amended Complaint.

123. Paragraph 123 of the Amended Complaint contains and presents legal conclusions to which no response is required. To the extent a response is required, Defendant Church denies the allegations contained within Paragraph 123 of the Amended Complaint.

124. The allegations contained in Paragraph 124 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 124 of the Amended Complaint, and therefore denies them.

COUNT VI – NEGLIGENCE
(Against [Defendant] Church)

125. Defendant Church reasserts its answers as if they were set forth herein verbatim.

126. Defendant Church lacks sufficient information or knowledge to form a belief as to what Plaintiff knew about Defendant Church's business. Defendant Church admits he is an experienced stone mason. Any remaining allegations contained in Paragraph 126 of the Amended Complaint are denied.

127. The allegations contained in Paragraph 127 of the Amended Complaint are denied.

128. To the extent the allegations in Paragraph 128 refer to masonry and stonework under the subcontract being performed on the site of the Project, Defendant Church admits it knew its masonry and stonework was being performed on the site of the Project. Defendant Church admits that it performed the work in accordance with the construction subcontract and requests from VPC. Defendant Church denies it breached any duty it may have owed to Plaintiff. All remaining allegations contained in Paragraph 128 of the Amended Complaint are denied.

129. The allegations contained in Paragraph 129 and all its subparts of the Amended Complaint are denied. Defendant expressly denies it breached any duty it may have owed to Plaintiff.

130. The allegations contained in Paragraph 130 of the Amended Complaint are denied. Defendant Church expressly denies that it was negligent in the performance of its work under the construction subcontract with VPC.

131. The allegations contained in Paragraph 131 of the Amended Complaint are denied.

132. The allegations contained in Paragraph 132 of the Amended Complaint are denied.

## COUNT VII – BREACH OF THE IMPLIED DUTY OF WORKMANLIKE PERFORMANCE (Against [Defendant] Church)

133. Defendant Church reasserts its answers as if they were set forth herein verbatim.

134. Paragraph 134 of the Amended Complaint contains and presents legal conclusions to which no response is required. To the extent a response is required, Defendant Church denies the allegations contained within Paragraph 134 of the Amended Complaint. Specifically, Defendant Church denies that it breached any implied duty it may have owed to the Plaintiff.

135. Paragraph 135 of the Amended Complaint contains and presents legal conclusions to which no response is required. To the extent a response is required, Defendant Church denies the allegations contained within Paragraph 135 of the Amended Complaint.

136. The allegations contained in Paragraph 136 of the Amended Complaint are denied.

137. The allegations contained in Paragraph 137 of the Amended Complaint are denied.

138. The allegations contained in Paragraph 138 of the Amended Complaint are denied.

COUNT VIII – NEGLIGENCE
(Against Price)

139. Defendant Church reasserts its answers as if they were set forth herein verbatim.

140. The allegations contained in Paragraph 140 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 140 of the Amended Complaint, and therefore denies them.

141. The allegations contained in Paragraph 141 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 141 of the Amended Complaint, and therefore denies them.

142. The allegations contained in Paragraph 142 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 142 of the Amended Complaint, and therefore denies them.

143. The allegations contained in Paragraph 143 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a

response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 143 of the Amended Complaint, and therefore denies them.

144. The allegations contained in Paragraph 144 and its subparts of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 144 and all its subparts of the Amended Complaint, and therefore denies them.

145. The allegations contained in Paragraph 145 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 145 of the Amended Complaint, and therefore denies them.

146. The allegations contained in Paragraph 146 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 146 of the Amended Complaint, and therefore denies them.

147. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 147 of the Amended Complaint, and therefore denies them.

COUNT IX – BREACH OF THE IMPLIED DUTY OF WORKMANLIKE PERFORMANCE
(Against Price)

148. Defendant Church reasserts its answers as if they were set forth herein verbatim.

149. Paragraph 149 of the Amended Complaint contains and presents legal conclusions to which no response is required. To the extent a response is required, Defendant Church denies the allegations contained within Paragraph 149 of the Amended Complaint.

150. Paragraph 150 of the Amended Complaint contains and presents legal conclusions to which no response is required. To the extent a response is required, Defendant Church denies the allegations contained within Paragraph 150 of the Amended Complaint.

151. The allegations contained in Paragraph 151 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 151 of the Amended Complaint, and therefore denies them.

152. The allegations contained in Paragraph 152 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 152 of the Amended Complaint, and therefore denies them.

153. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 153 of the Amended Complaint, and therefore denies them.

## COUNT X – NEGLIGENCE
## (Against Watauga Valley Services)

154. Defendant Church reasserts its answers as if they were set forth herein verbatim.

155. The allegations contained in Paragraph 155 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a

response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 155 of the Amended Complaint, and therefore denies them.

156. The allegations contained in Paragraph 156 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 156 of the Amended Complaint, and therefore denies them.

157. The allegations contained in Paragraph 157 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 157 of the Amended Complaint, and therefore denies them.

158. The allegations contained in Paragraph 158 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 158 of the Amended Complaint, and therefore denies them.

159. The allegations contained in Paragraph 159 and its subparts of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 159 and all its subparts of the Amended Complaint, and therefore denies them.

160. The allegations contained in Paragraph 160 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 160 of the Amended Complaint, and therefore denies them.

161. The allegations contained in Paragraph 161 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 161 of the Amended Complaint, and therefore denies them.

162. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 162 of the Amended Complaint, and therefore denies them.

COUNT XI – BREACH OF THE IMPLIED DUTY OF WORKMANLIKE PERFORMANCE
(Against Watauga Valley Services)

163. Defendant Church reasserts its answers as if they were set forth herein verbatim.

164. Paragraph 164 of the Amended Complaint contains and presents legal conclusions to which no response is required. To the extent a response is required, Defendant Church denies the allegations contained within Paragraph 164 of the Amended Complaint.

165. Paragraph 165 of the Amended Complaint contains and presents legal conclusions to which no response is required. To the extent a response is required, Defendant Church denies the allegations contained within Paragraph 165 of the Amended Complaint.

166. The allegations contained in Paragraph 166 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 166 of the Amended Complaint, and therefore denies them.

167. The allegations contained in Paragraph 167 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a

response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 167 of the Amended Complaint, and therefore denies them.

168. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 168 of the Amended Complaint, and therefore denies them.

## COUNT XII – NEGLIGENCE
## (Against A Flooring Outlet [Inc.])

169. Defendant Church reasserts its answers as if they were set forth herein verbatim.

170. The allegations contained in Paragraph 170 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 170 of the Amended Complaint, and therefore denies them.

171. The allegations contained in Paragraph 171 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 171 of the Amended Complaint, and therefore denies them.

172. The allegations contained in Paragraph 172 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 172 of the Amended Complaint, and therefore denies them.

173. The allegations contained in Paragraph 173 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a

response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 173 of the Amended Complaint, and therefore denies them.

174. The allegations contained in Paragraph 174 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 174 of the Amended Complaint, and therefore denies them.

175. The allegations contained in Paragraph 175 and its subparts of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 175 and all its subparts of the Amended Complaint, and therefore denies them.

176. The allegations contained in Paragraph 176 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 176 of the Amended Complaint, and therefore denies them.

177. The allegations contained in Paragraph 177 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 177 of the Amended Complaint, and therefore denies them.

178. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 178 of the Amended Complaint, and therefore denies them.

COUNT XIII – BREACH OF THE IMPLIED DUTY OF WORKMANLIKE PERFORMANCE
(Against A Flooring Outlet, Inc.)

179. Defendant Church reasserts its answers as if they were set forth herein verbatim.

180. Paragraph 180 of the Amended Complaint contains and presents legal conclusions to which no response is required. To the extent a response is required, Defendant Church denies the allegations contained within Paragraph 180 of the Amended Complaint.

181. Paragraph 181 of the Amended Complaint contains and presents legal conclusions to which no response is required. To the extent a response is required, Defendant Church denies the allegations contained within Paragraph 181 of the Amended Complaint.

182. The allegations contained in Paragraph 182 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 182 of the Amended Complaint, and therefore denies them.

183. The allegations contained in Paragraph 183 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 183 of the Amended Complaint, and therefore denies them.

184. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 184 of the Amended Complaint, and therefore denies them.

COUNT XIV – NEGLIGENCE
(Against Areté Engineers)

185. Defendant Church reasserts its answers as if they were set forth herein verbatim.

186. The allegations contained in Paragraph 186 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 186 of the Amended Complaint, and therefore denies them.

187. The allegations contained in Paragraph 187 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 187 of the Amended Complaint, and therefore denies them.

188. The allegations contained in Paragraph 188 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 188 of the Amended Complaint, and therefore denies them.

189. The allegations contained in Paragraph 189 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 189 of the Amended Complaint, and therefore denies them.

190. The allegations contained in Paragraph 190 and its subparts of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 290 and all its subparts of the Amended Complaint, and therefore denies them.

191. The allegations contained in Paragraph 191 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a

response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 191 of the Amended Complaint, and therefore denies them.

192. The allegations contained in Paragraph 192 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 192 of the Amended Complaint, and therefore denies them.

193. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 193 of the Amended Complaint, and therefore denies them.

## COUNT XV – BREACH OF THE IMPLIED DUTY THAT THE PLANS ARE ADEQUATE, ACCURATE AND COMPLETE
## (Against Areté Engineers)

194. Defendant Church reasserts its answers as if they were set forth herein verbatim.

195. The allegations contained in Paragraph 195 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 195 of the Amended Complaint, and therefore denies them.

196. Paragraph 196 of the Amended Complaint contains and presents legal conclusions to which no response is required. To the extent a response is required, Defendant Church denies the allegations contained within Paragraph 196 of the Amended Complaint.

197. The allegations contained in Paragraph 197 and its subparts of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief

as to the allegations contained in Paragraph 197 and all its subparts of the Amended Complaint, and therefore denies them.

198. The allegations contained in Paragraph 198 of the Amended Complaint refer to the actions of another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 198 of the Amended Complaint, and therefore denies them.

199. Defendant Church lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 199 of the Amended Complaint, and therefore denies them.

## ATTORNEYS' FEES

Defendant Church denies that Plaintiff is entitled to attorneys' fees in this matter.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE
### – NO NEGLIGENCE –

Defendant Church would respectfully show the Court that Defendant Church acted within the applicable standard of care and did not breach any duties owed to Plaintiff or breach the terms of the construction subcontract with VPC. Therefore, Plaintiff's claims are barred and should be dismissed.

### THIRD DEFENSE
### - NO PROXIMATE CAUSE –

Defendant Church would respectfully show the Court that, to the extent it breached any duties owed to Plaintiff, which is expressly denied, such breach was not a proximate cause of any

of the damages from which Plaintiff seeks an award. Therefore, Plaintiff's claims against Defendant Church are barred and should be dismissed.

**FOURTH DEFENSE**
**– CONDUCT OF OTHER PARTIES –**

Defendant Church would respectfully show the Court that, without admitting liability or that Plaintiff has or will suffer damages, Plaintiff's claims are barred in whole or in part by the conduct of other parties named in this action in that, among other things, any alleged damages were caused by the acts or omissions of parties over whom Defendant Church exercised no control, and any liability, if any, should be determined accordingly.

**FIFTH DEFENSE**
**– INTERVENING/ SUPERSEDING NEGLIGENCE –**

Defendant Church would respectfully show the Court that even if it was negligent in any of the respects alleged in the Amended Complaint, which alleged negligence is again expressly denied, then and in that event, the negligence of Defendant Church was passive and secondary and was superseded by the active, primary and intervening negligence of the other parties to this case, including Plaintiff, over which Defendant Church exercised no authority or control, and Defendant Church hereby specifically pleads the intervening and superseding negligence of others in bar of any recovery by the Plaintiff in this action.

**SIXTH DEFENSE**
**– BREACH OF WARRANTY AS TO PLANS AND SPECIFICATIONS –**

Defendant Church would respectfully show the Court that VPC provided certain plans, specifications, and/or drawings to Defendant Church for the work performed by Defendant Church on the premises that are the subject of this action and impliedly warranted that these plans, specifications, and/or drawings were sufficient and appropriate for their intended purposes in

connection with such work, and impliedly warranted that all information necessary to the proper completion of the such work was provided to Defendant Church. Defendant Church performed its work in accordance with such plans, specifications, and/or drawings and other instructions provided by VPC. To the extent any work of Defendant Church which is the subject of this action was defective, negligent and/or otherwise insufficient, then VPC breached such warranties and, therefore, Plaintiff's claims against Defendant Church are barred and should be dismissed.

**SEVENTH DEFENSE**
**– COMPLETED AND ACCEPTED WORK DOCTRINE –**

Defendant Church respectfully shows this Court that its work on the project that is the subject of this action was fully and finally completed and that such work was accepted by VPC as fully and finally complete and in full compliance with all obligations of Defendant Church, and therefore, Plaintiff's claims are barred by the completed and accepted work doctrine and should be dismissed.

**EIGHTH DEFENSE**
**– CONTRIBUTORY NEGLIGENCE –**

Defendant Church respectfully shows this Court that the Plaintiff was contributorily negligent during or after Defendant Church's work on this Project, including in ways asserted and alleged by co-Defendant VPC in VPC's Answer and Counterclaims previously filed, and therefore Plaintiff's claims are barred from recovery in this action.

**NINTH DEFENSE**
**– INTERFERENCE –**

Defendant Church respectfully shows this Court that, upon information and belief, Plaintiff interfered with the contract between Defendant Church and VPC, and that said interference was a

proximate cause of Plaintiff's injuries. Therefore, Plaintiff's claims for damages and recovery are barred against Defendant Church.

**TENTH DEFENSE**
**– BETTERMENT OR ADDED VALUE –**

Defendant Church respectfully shows this Court that Plaintiff's claims for damages are barred or limited to the extent those damages constitute betterment or added value to Plaintiff or Plaintiff's property.

**ELEVENTH DEFENSE**
**– ALLEGATIONS NOT ADMITTED ARE DENIED –**

All allegations in Plaintiff's Amended Complaint to which a reasonable response is required by Defendant Church, and to which no response has been given, is denied for lack of information sufficient to form a belief as to the truth of the matter asserted.

**TWELFTH DEFENSE**
**– RESERVATION AND NON-WAIVER –**

Defendant Church specifically reserves, and does not waive, the right to amend its Answer to include additional affirmative defenses that may be available to it that may be discovered during the course of its investigation and discovery in this matter or otherwise.

**WHEREFORE**, Defendant Church, having fully responded to Plaintiff's Amended Complaint, prays the Court that:

1. Plaintiff have and recover nothing from Defendant Church as to its Amended Complaint, and the Amended Complaint with respect to Defendant Church be dismissed with prejudice;
2. The costs of this action, including reasonable attorneys' fees, be taxed against Plaintiff;
3. All issues of fact, if any, be tried by a jury; and

4. For such other relief as the Court deems just and proper.

Respectfully submitted this 5th day of October, 2026.

**MARTINEAU KING PLLC**

*<u>/s/ Elizabeth A. Martineau</u>*
Elizabeth A. Martineau (NC Bar No. 26394)
David M. Layman (NC Bar No. 63628)
8701 Red Oak Blvd. #100
P.O. Box 241268
Charlotte, NC 28224
Telephone: (704) 247-8533
emartineau@martineauking.com
dlayman@martineauking.com
704-247-8520
*Attorney for the Defendants*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing **ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** was served upon all parties to this action on the date written below via email to each such party or their attorney as follows:

Paul A. Capua
CAPUA LAW FIRM, PA
118 North Depot St,
Boone, NC 28607
paul@capualaw.com
*Attorney for Plaintiff*

Nathan Miller
MILLER & JOHNSON, PLLC
Paul Culpepper
YOUNG MORPHIS, et al.
756 W King Street,
Boone, NC 28607
nathan@millerandjohnson.com
*Attorneys for Defendant VPC Builders, LLC*

John M. Nunnally
Amie C. Sivon
RAGSDALE LIGGETTPLLC
2840 Plaza Place, Suite 400
Raleigh, NC 27612
jnunnally@lr-law.com
*Attorneys for Defendant Areté Engineers, PLLC.*

This the 5th day of October, 2026.

*/s/ David M. Layman*___________________
David M. Layman