IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:25-cv-00230-MR-WCM

DOUGLAS S. RIORDAN,

Plaintiff,

v.

VPC BUILDERS, LLC; TIMOTHY A. CHURCH D/B/A TIMOTHY CHURCH MASONRY; PRICE FRAMING AND CONSTRUCTION, LLC; WATAUGA VALLEY SERVICES, LLC; A FLOORING OUTLET, INC.; and ARETÉ ENGINEERS, PLLC,

Defendants.

---

**DEFENDANT ARETÉ ENGINEERS, PLLC'S ANSWER TO VPC BUILDERS, LLC'S CROSSCLAIM**

---

NOW COMES Defendant Areté Engineers, PLLC ("Areté"), through counsel and pursuant to Rule 12 of the Federal Rules of Civil Procedure, and answers VPC Builders, LLC's ("VPC") Crossclaim [DE 36]. Responding to the allegations set forth in the numbered paragraphs of the Crossclaim, Areté states as follows:

FACTS

1. The allegations of Paragraph 1 are admitted.

2. The allegations of Paragraph 2 are admitted.

3. Areté does not have sufficient information to admit or deny the allegations of Paragraph 3 and therefore the allegations are denied.

4. Areté does not have sufficient information to admit or deny the allegations of Paragraph 4 and therefore the allegations are denied.

5. Areté does not have sufficient information to admit or deny the allegations of Paragraph 5 and therefore the allegations are denied.

6. Areté does not have sufficient information to admit or deny the allegations of Paragraph 6 and therefore the allegations are denied.

FIRST CAUSE OF ACTION
BREACH OF CONTRACT
(All Crossclaim Defendants)

7. Areté incorporates by reference its responses to the previous allegations.

8. Areté admits it entered into a contract with VPC Builders, LLC ("VPC") to provide certain structural engineering services for the Project as set forth in the contract. The remaining allegations of Paragraph 8 are denied due to lack of sufficient information.

9. The allegations of Paragraph 9 denied as asserted against Areté. Areté does not have sufficient information to admit or deny the remaining allegations of Paragraph 9 and therefore the allegations are denied.

SECOND CAUSE OF ACTION
NEGLIGENCE
(All Crossclaim Defendants, in the alternative)

10. Areté incorporates by reference its responses to the previous allegations.

11. The allegations of Paragraph 11 concern legal conclusions which do not require a response. To the extent a response is required, denied.

12. The allegations of Paragraph 12 denied as asserted against Areté. Areté does not have sufficient information to admit or deny the remaining allegations of Paragraph 12 and therefore the allegations are denied.

THIRD CAUSE OF ACTION
BREACH OF EXPRESS AND IMPLIED WARRANTIES
(All Crossclaim Defendants)

13. Areté incorporates by reference its responses to the previous allegations.

14. Areté admits it entered into a contract with VPC to provide certain structural engineering services for the Project as set forth in the contract. The remaining allegations of Paragraph 14 are denied due to lack of sufficient information.

15. The allegations of Paragraph 15 are denied as to Arete. The remaining allegations of Paragraph 15 are denied due to lack of sufficient information.

16. The allegations of Paragraph 16 denied as asserted against Areté. Areté does not have sufficient information to admit or deny the remaining allegations of Paragraph 16 and therefore the allegations are denied.

FOURTH CAUSE OF ACTION
INDEMNITY AND CONTRIBUTION
(All Crossclaim Defendants)

17. Areté incorporates by reference its responses to the previous allegations

18. The allegations of Paragraph 18 denied as asserted against Areté. Areté does not have sufficient information to admit or deny the remaining allegations of Paragraph 18 and therefore the allegations are denied.

19. The allegations of Paragraph 19 denied as asserted against Areté. Areté does not have sufficient information to admit or deny the remaining allegations of Paragraph 19 and therefore the allegations are denied.

**All allegations not specifically admitted are denied including VPC's prayer for relief.**

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

VPC fails to state a claim against Areté upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Areté pleads the economic loss doctrine as a defense to all or some of the claims against it.

## THIRD AFFIRMATIVE DEFENSE

Areté pleads that it met the applicable standard of care.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff and VPC failed to mitigate their damages, VPC's claims are barred in whole or in part.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff and VPC's claims are barred by one or more of the doctrines of waiver, estoppel, unclean hands, and/or laches.

## SIXTH AFFIRMATIVE DEFENSE

Areté pleads the statutes of limitations and statutes of repose as bars to VPC's recovery.

## SEVENTH AFFIRMATIVE DEFENSE

Areté asserts N.C. Gen. Stat. § 22B-1 in defense and bar against all claims seeking indemnification, costs, and/or attorney fees, whether based upon express indemnity, implied-in-fact indemnity, implied-in-law indemnity or any other equitable theories of indemnity on the grounds that Plaintiff and VPC are seeking recovery for damages, costs, and/or attorneys fees that were, upon information and belief, directly or proximately caused in whole or in part by Plaintiff or VPC's own active and primary negligence.

## EIGHTH AFFIRMATIVE DEFENSE

Areté pleads the terms and limitations contained in the applicable contracts and warranties as a bar in whole or in part to VPC's claims.

## NINTH AFFIRMATIVE DEFENSE

Areté pleads that it is only responsible for providing the scope of work and services for which it contracted.

## TENTH AFFIRMATIVE DEFENSE

Areté pleads the doctrine of contributory negligence as a bar to recovery in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

Should it be determined that Areté was negligent, which is denied, it is alleged that the intervening, insulating, and superseding negligence of third parties, including but not limited to the other parties named in this action, was the proximate cause of any damages which may have been sustained by Plaintiff and/or VPC and bars recovery from Areté.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent other parties deviated, modified, altered, or did not follow Areté's plans, Areté is not responsible for any resulting damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or limited to the extent those damages constitute betterment or added value to the Plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

Areté cannot be held joint and severally liable for any damages or liable for any contribution under Chapter 1B of the North Carolina Statutes including but not limited to the

reasons that Areté was not negligent, is not a joint tortfeasor, and had a contract with VPC and so cannot be liable in tort.

## FIFTEENTH AFFIRMATIVE DEFENSE

Areté reserves the right to plead and prove any additional defenses as may become known during the course of discovery and/or investigation.

WHEREFORE, Defendant Areté, Engineers, PLLC having answered the VPC Builders, LLC's Crossclaim, respectfully prays the Court:

1. That VPC Builders, LLC have and recover nothing of this answering defendant, and that the Crossclaim be dismissed with prejudice;

2. That the costs of this action be assessed to one or more parties other than this answering defendant;

3. For a trial by jury on all matters and issues so triable;

4. And for such other and further relief s this Court may deem just and reasonable.

Respectfully submitted this 8th day of October, 2026.

**RAGSDALE LIGGETT PLLC**

BY: /s/ Amie C. Sivion
JOHN M. NUNNALLY
N.C. Bar No. 19203
AMIE C. SIVON
N.C. Bar No. 34206
2840 Plaza Place, Suite 400
Raleigh, NC 27612
Telephone: (919) 787-5200
Facsimile: (919) 783-8991
Email: jnunnally@lr-law.com
asivon@rl-law.com
*Attorneys for Defendant* Areté Engineers, PLLC