IN THE UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:25-CV-000230

| | |
|---|---|
| DOUGLAS S. RIORDAN,<br><br>Plaintiff,<br><br>v.<br><br>VPC BUILDERS, LLC; TIMOTHY A. CHURCH D/B/A TIMOTHY CHURCH MASONRY; PRICE FRAMING AND CONSTRUCTION, LLC; WATAUGA VALLEY SERVICES, LLC; A FLOORING OUTLET, INC. AND ARETE ENGINEERS, PLLC,<br><br>Defendants.<br><br>vs.<br><br>VPC BUILDERS, LLC,<br><br>Counterclaim Plaintiff,<br>v.<br>ERIN RIORDAN,<br><br>Third-Party Defendant | **REPLY BRIEF OF A FLOORING OUTLET, INC.** |

**Crossclaim Defendant A Flooring Outlet, Inc.'s Reply Memorandum of Law**

**in Support of its Motion to Dismiss Crossclaims**

A Flooring Outlet, Inc., by and through the undersigned counsel, per LCvR 7.1, hereby submits this memorandum of law in support of its 12(b)(6) motion to dismiss crossclaims filed against it by VPC Builders, Inc.

## I. The lack of Answer to the Crossclaim does not matter

VPC Builders, Inc. (hereinafter "VPC") argues that because A Flooring Outlet, Inc. has not answered the crossclaim, that somehow the motion to dismiss should not be granted. [Doc. 56, pp. 4-5]. Only the crossclaim itself need be analyzed at a 12(b)(6) motion and the well-pleaded allegations in the crossclaim are treated as true for the purposes of the court's analysis under Fed. R. Civ. P. 12(b)(6). VPC alleges at paragraph 8, p. 34 of the Crossclaim [Doc. 36] that it entered into valid contracts with Crossclaim Defendants, which includes A Flooring Outlet, Inc. (hereinafter "AFO"), to perform work on the Plaintiffs' property.

In its brief in opposition to AFO's motion to dismiss, VPC concedes that its crossclaims based in negligence theories, "namely its claim of Negligence and claim of Indemnity and Contribution, should be dismissed pursuant to North Carolina's Economic Loss Rule if a contract is found to exist." [Doc. 56 pp. 4-5].

Federal district courts consistently apply the *Twombly/Iqbal* framework to crossclaims without modification. The standard of review for a motion to dismiss a

crossclaim is the same standard of review as a motion to dismiss a complaint or any other claim for relief. Courts accept as true all well-pleaded factual allegations in the crossclaim, construe them in the light most favorable to the crossclaimant, and resolve all doubts in the crossclaimant's favor. Wada v. Aloha King, LLC, 154 F. Supp. 3d 981 (D. Haw. 2015). Dismissal is warranted based on either a lack of a cognizable legal theory or the absence of sufficient factual support for a cognizable legal theory. Id. AFO's answer to the crossclaim is irrelevant at this pleading stage and the Court should dismiss VPC's crossclaims against AFO.

## II. VPC does not address the arguments raised in AFO's brief that the breach of contract and warranty claims are thinly veiled barred indemnity claims

In AFO's memorandum in support of its motion to dismiss, AFO argues that VPC's first and third crossclaims are thinly veiled indemnity crossclaims in an attempt to perform an end run around the Economic Loss Rule. [Doc 52-1, p. 14].

VPC argues that its crossclaim should survive against AFO because VPC pled a contract existed between VPC and AFO, and the contract was breached. [Doc 56, p. 5]. VPC has thus failed to address or rebut AFO's argument and case law that VPC's claim for breach of contract damages is solely derivative and contingent on VPC's own liability to the Project owners – the Plaintiffs.

While VPC cites Ascot Corp., LLC v. I&R Waterproofing, Inc., 286 N.C. App. 470, 881 S.E.2d 353 (2022), in its brief, the warranty claim there involved a warranty of merchantability theory because the subcontractor provided a "30-Year "TUFF-N-DRI Basement Waterproofing Warranty" for its product and the court analyzed North Carolina's version of the Uniform Commercial Code. Ascot Corp., LLC v. I&R Waterproofing, Inc., 286 N.C. App. 470, 475, 881 S.E.2d 353, 359 (2022). There, court of appeals discussed the terms of the 30 year warranty at length, as the warranty was attached to and incorporated into the pleadings.

The Ascot Corp. case is distinguishable from the case at bar. We have no written warranty here, nor is the Uniform Commercial Code or claim derived therefrom referenced in the pleadings.

There is simply no law to support VPC's crossclaims against AFO. This court should dismiss VPC's crossclaims against AFO.

Respectfully submitted, this the 12th day of October, 2026.

MCANGUS GOUDELOCK & COURIE, PLLC

/s/John E. Spainhour
Bar No. 28089
10 Brook Street, Suite 200
Asheville, North Carolina 28803
Phone: (828) 575-1902
Fax: (828) 707-9423
Email: jspainhour@mgclaw.com

ATTORNEYS FOR A FLOORING OUTLET, INC.