**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**Asheville Division**
**Case No. 1:25-cv-00230**

| | |
|---|---|
| **DOUGLAS S. RIORDAN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**VPC BUILDERS, LLC; TIMOTHY A. CHURCH d/b/a TIMOTHY CHURCH MASONRY; PRICE FRAMING AND CONSTRUCTION, LLC; WATAUGA VALLEY SERVICES, LLC; A FLOORING OUTLET, INC.; and ARETÉ ENGINEERS, PLLC,**<br><br>**Defendants.** | **DEFENDANT TIMOTHY A. CHURCH doing business as TIMOTHY CHURCH MASONRY'S ANSWER TO DEFENDANT VPC BUILDERS, LLC'S CROSSCLAIMS** |

**NOW COMES** the Defendant Timothy Church, doing business as Timothy Church Masonry ("**Defendant Church**"), by and through their undersigned counsel, and hereby answers the Crossclaims from Defendant VPC Builders, LLC ("**VPC**") as follows:

**FIRST DEFENSE**
**-<u>RESPONSE TO CROSSCLAIM NUMBERED ALLEGATIONS</u>-**

1. Defendant Church admits the allegations in Paragraph 1 of the Crossclaim, but denies he is liable for any of the matters asserted in the Amended Complaint.

2. The allegations contained in Paragraph 2 of the Crossclaim refer to another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 2 of the Crossclaim and denies them.

3. Defendant Church admits the allegations in Paragraph 3 of the Crossclaim.

4. The allegations contained in Paragraph 4 of the Crossclaim refer to another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 4 of the Crossclaim and denies them.

5. The allegations contained in Paragraph 5 of the Crossclaim refer to another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 5 of the Crossclaim and denies them.

6. The allegations contained in Paragraph 6 of the Crossclaim refer to another party and no response is required from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations contained in Paragraph 6 of the Crossclaim and denies them.

**FIRST CAUSE OF ACTION – BREACH OF CONTRACT**
**(All Crossclaim Defendants)**

7. Defendant Church reasserts its answers as if they were set forth herein verbatim.

8. Defendant Church denies that there was a written contract between Church and VPC. Defendant Church admits it was hired and it performed certain work and services, and that its work was completed and accepted by the parties. To the extent the remaining allegations contained in Paragraph 8 of the Crossclaim refer to other parties and do not warrant a response from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations and denies them. Any remaining allegations contained in Paragraph 8 of the Crossclaim are denied.

9. Defendant Church denies that it breached any contract or agreement between it and VPC. Defendant Church does not have specific information or knowledge to form a belief as to

the truth of any allegation to any other party, and, therefore denies them. Any remaining allegations contained in Paragraph 9 of the Crossclaim are also denied.

**SECOND CAUSE OF ACTION – NEGLIGENCE**
**(All Crossclaim Defendants)**

10. Defendant Church reasserts its answers as if they were set forth herein verbatim.

11. Defendant Church denies that it breached any duty owed to VPC or any other party to this litigation, and further denies any work Defendant Church performed was defective. Defendant Church does not have specific information or knowledge to form a belief as to the truth of any allegation to any other party and, therefore, denies them. Any remaining allegations contained in Paragraph 11 of the Crossclaim are denied.

12. Defendant Church denies that he was negligent in any way as alleged in Paragraph 12 of the Crossclaim. Defendant Church does not have specific information or knowledge to form a belief as to the truth of any allegation to any other party and, therefore, denies them. Any remaining allegations contained in Paragraph 12 of the Crossclaim are also denied.

**THIRD CAUSE OF ACTION –**
**BREACH OF EXPRESS AND IMPLIED WARRANTIES**
**(All Crossclaim Defendants)**

13. Defendant Church reasserts its answers as if they were set forth herein verbatim.

14. Defendant Church denies that there was a written contract between Church and VPC. Defendant Church admits it was hired and it performed certain work and services, and that its work was completed and accepted by the parties. To the extent the remaining allegations contained in Paragraph 14 of the Crossclaim refer to other parties and do not warrant a response from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge

sufficient to form a belief as to the allegations and denies them. Any remaining allegations contained in Paragraph 14 of the Crossclaim are denied.

15. Defendant Church denies that it provided any written warranty to VPC or Plaintiff. Further Defendant Church denies that it breached any warranty – either express or implied – that it may have provided to VPC or Plaintiff. To the extent the remaining allegations contained in Paragraph 15 of the Crossclaim refer to other parties and do not warrant a response from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations and denies them. Any remaining allegations contained in Paragraph 15 of the Crossclaim are denied.

16. The allegations contained in Paragraph 16 of the Crossclaim are denied. Defendant Church denies that it breached any such warranty. To the extent the remaining allegations contained in Paragraph 16 of the Crossclaim refer to other parties and do not warrant a response from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations and denies them. Any remaining allegations contained in Paragraph 16 of the Crossclaim are denied.

## FOURTH CAUSE OF ACTION – INDEMNITY AND CONTRIBUTION (All Crossclaim Defendants)

17. Defendant Church reasserts its answers as if they were set forth herein verbatim.

18. Defendant Church denies that he was negligent in any way as alleged by VPC in Paragraph 18 of the Crossclaim and elsewhere. To the extent the remaining allegations contained in Paragraph 18 of the Crossclaim refer to other parties and do not warrant a response from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge

sufficient to form a belief as to the allegations and denies them. Any remaining allegation contained in Paragraph 18 of the Crossclaim is denied.

19. Defendant Church denies that he was negligent in any way and denies that he was a proximate cause of any damage sustained by Plaintiff or VPC. To the extent the remaining allegations contained in Paragraph 19 of the Crossclaim refer to other parties and do not warrant a response from Defendant Church. To the extent a response is required, Defendant Church lacks knowledge sufficient to form a belief as to the allegations and denies them. Any remaining allegations contained in Paragraph 19 of the Crossclaim are denied.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE
**– NO NEGLIGENCE –**

Defendant Church would respectfully show the Court that Defendant Church acted within the applicable standard of care and did not breach any duties owed to VPC, or breach the terms of the construction subcontract with VPC. Therefore, VPC's crossclaims are barred and should be dismissed.

### THIRD DEFENSE
**– INSULATING / SUPERSEDING NEGLIGENCE –**

Defendant Church would respectfully show the Court that even if it was negligent in any of the respects alleged in the Crossclaim, which alleged negligence is again expressly denied, then and in that event, the negligence of the other defendants/third party defendants insulated or superseded any alleged negligence of this defendant. Defendant Church hereby specifically pleads the insulating and/or superseding negligence of others as a bar of any recovery by VPC in this action.

## FOURTH DEFENSE

**– BREACH OF WARRANTY AS TO PLANS AND SPECIFICATIONS –**

Defendant Church would respectfully show the Court that VPC provided certain plans, instructions, and/or specifications, to Defendant Church for the work performed by Defendant Church on the premises that are the subject of this action and impliedly warranted that these instructions were sufficient and appropriate for their intended purposes in connection with such work, To the extent any work of Defendant Church which is the subject of this action was defective, negligent and/or otherwise insufficient, then VPC breached such warranties and, therefore, its claims against Defendant Church are barred and should be dismissed.

## FIFTH DEFENSE

**–CONTRIBUTORY NEGLIGENCE BY VPC–**

Defendant Church would respectfully show the Court that even if it was negligent in any of the respects alleged in the Crossclaim, which alleged negligence is again expressly denied, then it is alleged that VPC was negligent and the said negligence of VPC was a proximate cause of its damages. Defendant Church asserts and contends that to the extend the Plaintiff's claims of negligence are shown during the discovery and trial of this matter, VPC cannot recover on its claims against this Defendant.

## SIXTH DEFENSE

**– COMPLETED AND ACCEPTED WORK DOCTRINE –**

Defendant Church respectfully shows this Court that its work on the project that is the subject of this action was fully and finally completed and that such work was accepted by VPC as fully and finally complete and in full compliance with all obligations of Defendant Church, and therefore, VPC's claims are barred by the completed and accepted work doctrine and should be dismissed.

**EIGHTH DEFENSE**
**–NO WRITTEN CONTACT -**

Defendant Church denies that there was any written contract between VPC and Church and, as such, VPC's claims for breach of express warranty is invalid and without merit. Additionally, VPC.

**NINTH DEFENSE**
**– RESERVATION AND NON-WAIVER –**

Defendant Church specifically reserves, and does not waive, the right to amend its Answer to VPC's Crossclaims to include additional affirmative defenses that may be available to it that may be discovered during the course of its investigation and discovery in this matter or otherwise.

**WHEREFORE**, Defendant Church, having fully responded to VPC's Crossclaims, prays the Court that:

1. VPC have and recover nothing from Defendant Church as to its Crossclaims, and the Crossclaims with respect to Defendant Church be dismissed with prejudice;
2. The costs of this action, including reasonable attorneys' fees, be taxed against VPC;
3. All issues of fact, if any, be tried by a jury; and
4. For such other relief as the Court deems just and proper.

Respectfully submitted this 30th day of October, 2026.

**MARTINEAU KING PLLC**

*/s/ Elizabeth A. Martineau*

Elizabeth A. Martineau (NC Bar No. 26394)
David M. Layman (NC Bar No. 63628)
8701 Red Oak Blvd. #100
P.O. Box 241268
Charlotte, NC 28224
Telephone: (704) 247-8533
emartineau@martineauking.com
dlayman@martineauking.com
704-247-8520
*Attorney for the Defendants*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing **ANSWER TO DEFENDANT VPC BUILDERS, LLC'S CROSSCLAIMS** was served upon all counsel of record via the Court's ECF system.

This the 30th day of October, 2026.

*/s/ Elizabeth A. Martineau*
Elizabeth A. Martineau