IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| DOUGLAS S. RIORDAN,<br><br>Plaintiff,<br><br>v.<br><br>VPC BUILDERS, LLC; TIMOTHY A CHURCH d/b/a TIMOTHY CHURCH MASONRY; PRICE FRAMING AND CONSTRUCTION, LLC; WATAUGA VALLEY SERVICES, LLC; A FLOORING OUTLET, INC.; and ARETE ENGINEERS, PLLC,<br><br>Defendants.<br><br>WATAUGA VALLEY SERVICES, LLC,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>DOUGLAS PHILLIPS d/b/a WATAUGA CONCRETE FINISHERS,<br><br>Third-Party Defendant. | CASE NO. 1:25-cv-00230-MR-WCM<br><br>**THIRD-PARTY DEFENDANT DOUG PHILLIPS d/b/a WATAUGA CONCRETE FINISHERS' ANSWER TO THIRD-PARTY PLAINTIFF WATAUGA VALLEY SERVICES, LLC'S THIRD-PARTY COMPLAINT**<br><br>**(Jury Trial Requested)** |

**NOW COMES** Douglas Phillips d/b/a Watauga Concrete Finishers ("Phillips" and/or "Third-Party Defendant"), by and through undersigned counsel, answering the Third-Party Complaint ("Third-Party Complaint") filed by Third-Party Plaintiff Watauga Valley Services, LLC, ("WVS" or "Third-Party Plaintiff") in the above-captioned action as follows:

## ANSWER

1. Paragraphs 1-200 are the Amended Answer and following Twelve Affirmative Defenses of Third-Party Plaintiff to Plaintiff's Complaint and do not require a response. These allegations and affirmative defenses are denied to the extent they are directed at Phillips.

2. Third-Party Defendant lacks sufficient information to form a belief as to the allegations of Paragraph 1 of the Third-Party Complaint and therefore denies the same.

3. Third-Party Defendant lacks sufficient information to form a belief as to the allegations of Paragraph 2 of the Third-Party Complaint and therefore denies the same.

4. As to the allegations of Paragraph 3, admitted.

5. The allegations of Paragraph 4 reference allegations made by Third-Party Plaintiff in the underlying litigation and are not directed to Third-Party Defendant. Accordingly, no answer is required. To the extent that an answer is required, Third-Party Defendant lacks sufficient information to form a belief as to the remaining allegations of Paragraph 4 and therefore denies the same.

6. The allegations of Paragraph 5 reference allegations made by Third-Party Plaintiff in the underlying litigation and are not directed to Third-Party Defendant. Accordingly, no answer is required. To the extent that any further answer may be required, Third-Party Defendant lacks sufficient information to form a belief as to the remaining allegations of Paragraph 5 of the Third-Party Complaint and therefore denies the same.

7. Third-Party Defendant admits so much of the allegations of Paragraph 6 of the Third-Party Complaint that it performed certain construction-related services on the Project as may be reflected in any project documents and related communications that are written and speak for themselves. To the extent that any further answer may be required, Third-Party Defendant lacks sufficient information to form a belief as to the remaining allegations of Paragraph 6 of the Third-Party Complaint and therefore denies the same.

8. The allegations of Paragraph 7 reference allegations made by Third-Party Plaintiff in the underlying litigation and are not directed to Third-Party Defendant. Accordingly, no answer

is required. To the extent that an answer may be required, Third-Party Defendant admits so much of the allegations of Paragraph 7 that the pleadings are written and speak for themselves. To the extent that any further answer may be required, Third-Party Defendant lacks sufficient information to form a belief as to the remaining allegations of Paragraph 7 of the Third-Party Complaint and therefore denies the same.

9. Third-Party Defendant specifically denies the allegations of Paragraph 8 of the Third-Party Complaint as they are directed to Third-Party Defendant. Third-Party Defendant lacks sufficient information to form a belief as to the remaining allegations of Paragraph 8 of the Third-Party Complaint and therefore denies the same.

10. Third-Party Defendant reasserts and incorporates by reference as if fully set forth herein its previous answers to all preceding paragraphs in answering Paragraph 9 of the Third-Party Complaint. To the extent that any further answer may be required, Third-Party Defendant denies the allegations of Paragraph 9 of the Third-Party Complaint.

11. Third-Party Defendant admits so much of the allegations of Paragraph 10 (to include subparts a. through e.) of the Third-Party Complaint that it performed certain construction-related services on the Project as may be reflected in any project documents and related communications that are written and speak for themselves. Except as expressly admitted, Third-Party Defendant denies the allegations of Paragraph 10 of the Third-Party Complaint (to include subparts a. through e.).

12. The allegations of Paragraph 11 reference allegations made by Third-Party Plaintiff and/or Plaintiff in the underlying litigation and are not directed to Third-Party Defendant. Accordingly, no answer is required. To the extent that an answer may be required, Third-Party Defendant admits so much of the allegations of Paragraph 11 that the pleadings are written and

speak for themselves. To the extent that any further answer may be required, Third-Party Defendant lacks sufficient information to form a belief as to the remaining allegations and therefore denies the same.

13. Third-Party Defendant denies the allegation of Paragraph 12 of the Third-Party Complaint.

14. Third-Party Defendant denies the allegation of Paragraph 13 of the Third-Party Complaint.

15. Third-Party Defendant reasserts and incorporates by reference as if fully set forth herein its previous answers to all preceding paragraphs in answering Paragraph 14 of the Third-Party Complaint. To the extent that any further answer may be required, Third-Party Defendant denies the allegations of Paragraph 14 of the Third-Party Complaint.

16. Third-Party Defendant admits so much of the allegations of Paragraph 15 of the Third-Party Complaint that it performed certain construction-related services on the Project as may be reflected in any project documents and related communications that are written and speak for themselves. Except as expressly admitted, Third-Party Defendant denies the allegations of Paragraph 15 of the Third-Party Complaint.

17. The allegations of Paragraph 16 state pure legal conclusions that do not require an answer. To the extent that an answer may be required, Third-Party Defendant denies the allegations of Paragraph 16 of the Third-Party Complaint.

18. The allegations of Paragraph 17 state pure legal conclusions that do not require an answer. To the extent that an answer may be required, Third-Party Defendant denies the allegations of Paragraph 17 of the Third-Party Complaint.

19. The allegations of Paragraph 18 of the Third-Party Complaint state pure legal conclusions that do not require an answer. To the extent that an answer may be required, Third-Party Defendant denies the allegations of Paragraph 18 of the Third-Party Complaint.

20. Third-Party Defendant reasserts and incorporates by reference as if fully set forth herein its previous answers to all preceding paragraphs in answering Paragraph 19 of the Third-Party Complaint. To the extent that any further answer may be required, Third-Party Defendant denies the allegations of Paragraph 19 of the Third-Party Complaint.

21. The allegations of Paragraph 20 state pure legal conclusions that do not require an answer. To the extent that an answer may be required, Third-Party Defendant admits so much of the allegations of Paragraph 20 of the Third-Party Complaint that the scope and extent of any legal duties owed on this project would be governed by applicable North Carolina laws and by the governing contract agreements, if any. Except as otherwise stated herein, Third-Party Defendant denies the allegations of Paragraph 20 of the Third-Party Complaint.

22. The allegations of Paragraph 21 reference allegations made by Third-Party Plaintiff and/or Plaintiff in the underlying litigation and are not directed to Third-Party Defendant. Accordingly, no answer is required. To the extent that an answer may be required, Third-Party Defendant admits so much of the allegations of Paragraph 21 that the pleadings are written and speak for themselves. To the extent that any further answer may be required, Third-Party Defendant denies the allegations of Paragraph 21 of the Third-Party Complaint.

23. The allegations of Paragraph 22 state pure legal conclusions that do not require an answer. To the extent that an answer may be required, Third-Party Defendant denies the allegations of Paragraph 22 of the Third-Party Complaint.

24. The allegations of Paragraph 23 of the Third-Party Complaint state pure legal conclusions that do not require an answer. To the extent that an answer may be required, Third-Party Defendant denies the allegations of Paragraph 23 of the Third-Party Complaint.

25. Third-Party Defendant reasserts and incorporates by reference as if fully set forth herein its previous answers to all preceding paragraphs in answering Paragraph 24 of the Third-Party Complaint. To the extent that any further answer may be required, Third-Party Defendant denies the allegations of Paragraph 24 of the Third-Party Complaint.

26. The allegations of Paragraph 25 reference allegations made by Third-Party Plaintiff and/or Plaintiff in the underlying litigation and are not directed to Third-Party Defendant. Accordingly, no answer is required. To the extent that an answer may be required, Third-Party Defendant admits so much of the allegations of Paragraph 25 that the pleadings are written and speak for themselves. To the extent that any further answer may be required, Third-Party Defendant denies the allegations of Paragraph 25 of the Third-Party Complaint.

27. Third-Party Defendant admits so much of the allegations of Paragraph 26 of the Third-Party Complaint that it performed certain construction-related services on the Project as may be reflected in any project documents and related communications that are written and speak for themselves. Except as expressly admitted, Third-Party Defendant denies the allegations of Paragraph 26 of the Third-Party Complaint.

28. Third-Party Defendant specifically denies the allegations of Paragraph 27 of the Third-Party Complaint as they are directed to Third-Party Defendant. The remaining allegations of Paragraph 27 reference allegations made by Third-Party Plaintiff and/or Plaintiff in the underlying litigation and are not directed to Third-Party Defendant. Accordingly, no answer is

required. To the extent that an answer may be required, Third-Party Defendant denies the allegations of Paragraph 27 of the Third-Party Complaint.

29. The allegations of Paragraph 28 of the Third-Party Complaint state pure legal conclusions that do not require an answer. To the extent that an answer may be required, Third-Party Defendant denies the allegations of Paragraph 28 of the Third-Party Complaint.

30. The allegations of Paragraph 29 state pure legal conclusions that do not require an answer. To the extent that an answer may be required, Third-Party Defendant denies the allegations of Paragraph 29 of the Third-Party Complaint.

31. The allegations of Paragraph 30 of the Third-Party Complaint state pure legal conclusions that do not require an answer. To the extent that an answer may be required, Third-Party Defendant denies the allegations of Paragraph 30 of the Third-Party Complaint directed at Third-Party Defendant.

32. Third-Party Defendant denies all allegations of fact and requests for relief contained within Third-Party Plaintiff's WHEREFORE prayer for relief paragraphs and subparagraphs of the Complaint.

33. Any allegation that is not otherwise admitted, modified, or qualified herein is denied.

## FOR A FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim for Relief)**

The Third-Party Complaint fails to state any claim upon which relief can be granted and should be dismissed with prejudice.

## FOR A SECOND AFFIRMATIVE DEFENSE
**(General Denial)**

Third-Party Defendant denies any and all alleged liability for any and all damages that have been alleged and sought in this action.

**<u>FOR A THIRD AFFIRMATIVE DEFENSE</u>**
**(General Contractor's Sole Negligence/Gross Negligence)**

Third-Party Plaintiff's alleged conduct, actions, and omissions were not merely passive and/or secondary negligence. Instead, it is alleged that the active, primary, and solely negligent and/or grossly negligent conduct, actions, and omissions of WVS caused and contributed to cause the alleged damages sought in this action. Upon information and belief, the alleged active, primary, and solely negligent and/or grossly negligent failures of WVS include without limitation lack of supervision, lack of coordination, and the failure to properly sequence the furnishment of labor, materials, equipment, and construction-related services provided by WVS's own employees, agents, and other subcontractors for whom WVS is solely responsible and solely liable. As such, any alleged claims against Third-Party Defendant necessarily fail. Third-Party Defendant reserves the right to amend and supplement this affirmative defense as additional information is learned in discovery and in Third-Party Defendant's ongoing factual investigation into these claims.

**<u>FOR A FOURTH AFFIRMATIVE DEFENSE</u>**
**(Prime Construction Contract Defenses)**

Third-Party Defendant incorporates by reference and asserts as if fully set forth herein all contractual defenses available under the prime construction contract as either a full defense or partial defense to the claims and damages asserted in this action. Third-Party Defendant reserves the right to amend and supplement this affirmative defense as additional information is learned in discovery and in Third-Party Defendant's ongoing factual investigation into these claims.

**<u>FOR A FIFTH AFFIRMATIVE DEFENSE</u>**
**(Subcontract Defenses)**

Third-Party Defendant incorporates by reference and asserts as if fully set forth herein all contractual defenses available under the subcontract agreement as either a full defense or partial defense to the claims and damages asserted in this action. Third-Party Defendant reserves the right

to amend and supplement this affirmative defense as additional information is learned in discovery and in Third-Party Defendant's ongoing factual investigation into these claims.

**FOR A SIXTH AFFIRMATIVE DEFENSE**
**(Limitation/Exclusion of Warranties)**

All alleged express warranties and/or implied warranties have been either limited and/or excluded by the governing subcontract agreements and/or by operation of law such that WVS, The and/or Plaintiff have no legal basis to recover against Third-Party Defendant for breach of warranty. Third-Party Defendant reserves the right to amend and supplement this affirmative defense as additional information is learned in discovery and in Third-Party Defendant's ongoing factual investigation into these claims.

**FOR A SEVENTH AFFIRMATIVE DEFENSE**
**(Workmanlike Manner)**

Third-Party Defendant coordinated and/or completed the performance of all work in a workmanlike manner free from defects and in accordance with all applicable plans, specifications, submittals, shop drawings, construction industry standards, manufacturer's instructions, and building code requirements.

**FOR AN EIGHTH AFFIRMATIVE DEFENSE**
**(*Spearin* Doctrine)**

The Third-Party Complaint is barred, in whole or in part, by the *Spearin* Doctrine.

**FOR A NINTH AFFIRMATIVE DEFENSE**
**(Doctrine of Completion, Acceptance, and Release)**

The Third-Party Complaint is barred by the doctrine of completion, acceptance, and release.

**FOR A TENTH AFFIRMATIVE DEFENSE**
**(Economic Loss Rule)**

The Third-Party Complaint is barred, in whole or in part, by the Economic Loss Rule.

**<u>FOR AN ELEVENTH AFFIRMATIVE DEFENSE</u>**
**(Lack of Breach)**

Third-Party Defendant did not breach any duties that may have arisen from contact, warranty, tort, statute, or otherwise.

**<u>FOR A TWELFTH AFFIRMATIVE DEFENSE</u>**
**(Lack of Causation)**

Third-Party Defendant did not directly or proximately cause any damages that have been alleged or sought in this action.

**<u>FOR A THIRTEENTH AFFIRMATIVE DEFENSE</u>**
**(Intervening/Superseding Negligence)**

Any alleged damages that have been alleged in this action, if any, which are expressly denied, were directly and proximately caused by the independent, intervening, and superseding negligent, grossly negligent, careless, willful, wanton, and/or reckless acts of other persons and/or other entities over whom Third-Party Defendant had no control and which occurred prior to or subsequent to any allegedly negligent, grossly negligent, careless, willful, wanton, and/or reckless acts or omissions by Third-Party Defendant, which are expressly denied, and, therefore, the independent, intervening, and superseding allegedly negligent, grossly negligent, careless, willful, wanton, and/or reckless acts of other parties, are the real, superseding, direct, and proximate cause of the alleged damages in this action, if any, which are again denied.

**<u>FOR A FOURTEENTH AFFIRMATIVE DEFENSE</u>**
**(Contributory Negligence)**

The unreasonable and negligent conduct, actions, and omissions of WVS, and/or Plaintiff contributed as the direct and proximate cause(s) of the alleged damages sought in this action. As such, any recovery under the Third-Party Complaint is barred pursuant to the doctrine of contributory negligence.

**<u>FOR A FIFTEENTH AFFIRMATIVE DEFENSE</u>**
**(No Concert of Action)**

Third-Party Defendant's alleged conduct did not join in time or circumstance with any other parties. Accordingly, Third-Party Defendant cannot be a joint tortfeasor and cannot be held jointly and severally liable with any other parties as it relates to any of the damages at-issue in this case. Furthermore, joint and several liability is not available for separate and independent alleged breaches of construction contracts.

**<u>FOR A SIXTEENTH AFFIRMATIVE DEFENSE</u>**
**(Acts of Others)**

The claims and damages being pursued in this action were not caused by Third-Party Defendant, but to the contrary, were caused by the acts and/or omissions of others over whom Third-Party Defendant had no supervision, direction, or control.

**<u>FOR A SEVENTEENTH AFFIRMATIVE DEFENSE</u>**
**(Modification/Alteration)**

The claims and damages being pursued in this action are barred, in whole in part, to the extent that it is established that others subsequently modified and/or altered Third-Party Defendant's work without Third-Party Defendant's knowledge, authorization, or consent. Third-Party Defendant reserves the right to amend and supplement this affirmative defense as additional information is learned in discovery and in Third-Party Defendant's ongoing factual investigation into these claims.

**<u>FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE</u>**
**(Lack of Homeowner Maintenance)**

The claims and damages being pursued in this action are barred, in whole or in part, to the extent that it is established that some or all damages sought in this action were caused by a lack of homeowner maintenance and/or the absence of reasonable precautionary measures to prevent damage to the project during the relevant time periods prior to the complete demolition of the project. Third-

Party Defendant reserves the right to amend and supplement this affirmative defense as additional information is learned in discovery and in Third-Party Defendant's ongoing factual investigation into these claims.

**<u>FOR A NINETEENTH AFFIRMATIVE DEFENSE</u>**
**(Force Majeure)**

The claims and damages being pursued in this action are barred, in whole or in part, to the extent that it is established that some or all damages sought in this action were caused by force majeure during the relevant time periods. Third-Party Defendant reserves the right to amend and supplement this affirmative defense as additional information is learned in discovery and in Third-Party Defendant's ongoing factual investigation into these claims.

**<u>FOR A TWENTIETH AFFIRMATIVE DEFENSE</u>**
**(Waiver)**

The claims and damages being pursued in this action are barred, in whole or in part, by the doctrine of waiver.

**<u>FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE</u>**
**(Estoppel)**

The claims and damages being pursued in this action are barred, in whole or in part, by the doctrine of estoppel.

**<u>FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE</u>**
**(Unclean Hands)**

The claims and damages being pursued in this action are barred, in whole or in part, by the doctrine of unclean hands.

**FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE**
**(Laches)**

The claims and damages being pursued in this action are barred, in whole or in part, by the doctrine of laches.

**FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE**
**(Statute of Limitations)**

The claims and damages being pursued in this action are barred, in whole or in part, to the extent it is determined that the governing statute of limitations applies to preclude the recovery of the damages sought in this action. Third-Party Defendant reserves the right to amend and supplement this affirmative defense as additional information is learned in discovery and in Third-Party Defendant's ongoing factual investigation into these claims.

**FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE**
**(Statute of Repose)**

The claims and damages being pursued in this action are barred, in whole or in part, to the extent it is determined that the governing statute of repose applies to preclude the recovery of the damages sought in this action. Third-Party Defendant reserves the right to amend and supplement this affirmative defense as additional information is learned in discovery and in Third-Party Defendant's ongoing factual investigation into these claims.

**FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate Damages)**

To the extent that Third-Party Plaintiff and/or Plaintiff have incurred damages, if any, which are denied, such damages are either not recoverable or must be accordingly limited to the extent that the allegedly damaged parties failed to properly mitigate damages.

**FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
**(Proportional Value - Repair Cost Betterments)**

The alleged damages sought in this action, which are again denied, are not recoverable and/or should be proportionately reduced to accurately reflect the fair market value of the beneficial use received from the project and should specifically exclude any award of compensation for repair cost betterments.

**FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
**(Economic Waste)**

Any recovery for the alleged damages sought in this action, which are again denied, would clearly constitute economic waste in violation of North Carolina law. Accordingly, any recovery, if any, which is again denied, should be barred or alternatively reduced in a commercially reasonable amount that will not create undue hardship on the parties pursuant to the doctrine of economic waste.

**FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE**
**(Spoliation of Evidence)**

Third-Party Defendant would show upon information and belief that the Project has been completely demolished such that Third-Party Defendant pleads the doctrine of spoliation of evidence as a complete or partial bar to the allegations, claims, and damages at-issue in this action.

**FOR A THIRTIETH AFFIRMATIVE DEFENSE**
**(Alternative Dispute Resolution)**

To the extent that any alternative dispute resolution agreements are found to govern the claims at issue in this case, Third-Party Defendant accordingly asserts that the Third-Party Complaint should be dismissed and/or alternatively stayed pending the completion of such alternative dispute resolution procedures and hearings.

**FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE**
**(No Grossly Negligent/Reckless/Willful/Wanton Conduct)**

Third-Party Defendant's alleged actions, which are denied, did not rise to the level of gross negligence, recklessness, willful conduct, and/or wanton conduct.

**FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE**
**(Set Off)**

To the extent that Plaintiffs and/or Third-Party Plaintiff, have incurred damages, if any, which are denied, such damages are subject to credits arising from all legally permissible set offs including without limitation prior settlements and contributions from other defending parties towards the satisfaction of the alleged damages sought in this action.

**FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE**
**(Incorporation By Reference)**

To the extent not inconsistent herein, Third-Party Defendant expressly incorporates by reference the affirmative defenses of the other parties to this action.

**FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE**
**(Reservation of Rights – Additional Affirmative Defenses)**

Third-Party Defendant expressly reserves the right to plead and prove any additional defenses as may become known during the course of investigation and discovery.

**PRAYER FOR RELIEF**

**WHEREFORE**, Phillips respectfully prays for the following:

1. For a trial by jury;
2. WVS's Third-Party Complaint be dismissed as to Phillips;
3. WVS have and recover nothing as to Phillips;
4. The costs of this action be taxed against WVS; and

5. Phillips have such other and further relief as the court may deem just and proper.

**This the 6th day of November 2026.**


**WOLFE GUNST, PLLC**

/s/ *Robert C. Gunst, Jr.*_______________________
Brian E. Wolfe (NC State Bar No. 34297)
Robert C. Gunst, Jr. (NC State Bar No. 47777)
215 Queens Road, Suite 200
Charlotte, NC 28204
T. 704-827-3774
F. 252-408-6859
E. bwolfe@wolfegunst.com
E: rgunst@wolfegunst.com
*Attorneys for Third-Party Defendant Douglas Phillips d/b/a Watauga Concrete Finishers*

## CERTIFICATE OF SERVICE

I hereby certify that Third-Party Defendant Doug Phillips d/b/a Watauga Concrete Finishers' Answer to Third-Party Plaintiff Watauga Valley Services, LLC's Third-Party Complaint, to which this certificate is attached, was properly served via CM/ECF Submission, which will send notification to the following counsel of record on November 6, 2026:

| | |
|---|---|
| Paul A. Capua<br>Jonah Nathan Bamel<br>**Capua Law Firm, P.A.**<br>118 North Depot Street<br>Boone, NC 28607<br>paul@capualaw.com<br>jonah@capualaw.com<br>*Attorneys for Plaintiffs* | Paul E. Culpepper<br>**Young, Morphis, Bach & Taylor, LLP**<br>858 2nd Street NE, Suite 200<br>Hickory, NC 28603<br>paulc@hickorylaw.com<br><br>Nathan A. Miller<br>**Miller & Johnson, PLLC**<br>PO Box 49<br>Boone, NC 28607<br>nathan@millerjohnsonlaw.com<br>*Attorneys for VPC Builders, LLC* |
| John E. Spainhour<br>**McAngus Goudelock & Courie, PLLC**<br>10 Brook Street, Suite 200<br>Asheville, NC 28803<br>jspainhour@mgclaw.com<br>*Attorneys for A Flooring Outlet, Inc.* | David M. Harmon<br>**York Harmon Johnson Ehrlich, LLP**<br>115 N. Torrence Street<br>Charlotte, NC 28204<br>dharmon@yhjlaw.com<br>*Attorneys for Price Framing and Construction, LLC* |
| John M. Nunnally<br>Amie C. Sivon<br>**Ragsdale Liggett, PLLC**<br>2840 Plaza Place, Suite 400<br>Raleigh, NC 27612<br>jnunnally@lr-law.com<br>asivon@rl-law.com<br>*Attorneys for Arete Engineers, PLLC* | Elizabeth A. Martineau<br>David M. Layman<br>**Martineau King, PLLC**<br>PO Box 241268<br>Charlotte, NC 28224<br>emartineau@martineauking.com<br>dlayman@martineauking.com<br>*Attorneys for Timothy A. Church d/b/a Timothy Church Masonry* |
| Jeffrey S. Bolster<br>Melissa R. Monroe<br>**Bolster Rogers, P.C.**<br>1213 W. Morehead Street, 5th Floor<br>Charlotte, NC 28208<br>jbolster@bolsterrogers.com<br>mmonroe@bolsterrogers.co<br>*Attorneys for Watauga Valley Services, LLC* | |

s/ Robert C. Gunst, Jr.
Robert C. Gunst. Jr.